## RISH *vs.* IVEY.

1. Under the act of February 28, 1874 (Acts 1874, p. 175), it was necessary that the comptroller general should make the advertisement required by that act of wild land not returned for taxation, before issuing an execution against them; and until such publication was made, he had no authority to issue such an execution.

2. Where it appeared that the owner of wild lands had given them in for taxation to the tax receiver of the county, and had paid the taxes to the tax collector, this was all the law required him to do; and a levy and sale under a *fi. fa.* issued by the comptroller general against the land as unreturned wild land was illegal and void.

April 27, 1886.

Tax. Comptroller General. Levy and Sale. Before Judge CLARKE. Early Superior Court. April Term, 1885.

Ivey brought ejectment against Rish for certain land in Early county. The plaintiff relied on a chain of title from the state. The defendant relied on a tax sale under a *fi. fa.* issued by the comptroller general for tax on the property in dispute as wild land, whose owner was unknown. The *fi. fa.* was issued October, 1877, for taxes of 1874, and the sale was made on the first Tuesday in May, 1878. A sheet forming part of the " *Weekly Constitution*," published at Atlanta, dated March 30, 1875, and setting out a list of unreturned wild lands for 1874, was introduced, and a witness stated that he had seen similar advertisements in the clerk's and ordinary's offices for a considerable time.

The evidence for the plaintiff showed that the land had been returned and the tax for 1874 paid to the tax collector of the county of the plaintiff's residence.

The court charged, among other things, as follows: " When the defendant claims title under a wild land tax *fi. fa.*, he must show that, before the comptroller general issued said *fi. fa.*, he had published the lot of land here sued for in the list of unreturned wild lands for thirty days in some newspaper published at the capital of the state; and where only one issue of said paper has been introduced, showing that this lot of land was advertised by the comptroller general in a newspaper published at the capital of the state, it is not sufficient to prove that said lot was advertised for thirty days; and if there is no other evidence of such advertisement, you must find for the plaintiff."

The jury found for the plaintiff. The defendant moved for a new trial, which was refused, and he excepted.

R. H. POWELL, for plaintiff in error.

E. C. BOWER; J. H. LUMPKIN, for defendant.

BLANDFORD, Justice.

Ivey sued Rish in ejectment for a lot of land; Ivey showed title from the grantee of the state through several others to himself. Rish relied on a sheriff's deed to the land under a wild land tax execution issued by the comptroller general and introduced a copy of a paper known as the Atlanta "*Weekly Constitution*," which showed that the comptroller had advertised the land as wild land not given in and returned for taxes once a week for four weeks. The court below held that, before the comptroller could issue execution against the land, it must have been advertised for thirty days, under section 6 of the act of February 28, 1874 (pamph. Acts of 1874, p. 105), and this is the main ground of error insisted on here.

1. We think that, under this act, when it is shown affirmatively that the comptroller general disregarded the law, such as advertising the land as being in default and liable to be sold for taxes, he thereby deprived the land owner of an important right, such as notice which he was entitled to have, and the comptroller had no authority to issue the execution until the publication was made by him as provided in the act. So we think the court did not err in ruling as he did.

2. The verdict in this case was demanded by the evidence, which showed that Ivey had given in and paid the taxes due on this land to the receiver and tax collector of his county. This was all the law required him to do, and having done so, the levy and sale of his land was illegal and void.

Judgment affirmed.