## WADE v. GARRETT.

1. A sheriff's deed to land, made in pursuance of a sale under a justice's court execution, accompanied by possession, is good as color of title, although there was upon the execution no entry of a search and failure to find personalty upon which to levy the same.
2. Title by prescription based on such color of title will authorize a recovery against one who shows no evidence of title other than naked possession for a period less than twenty years.

Argued October 30, — Decided November 28, 1899.

Complaint for land.  Before Judge Littlejohn.  Taylor superior court.  October term, 1898.

R. S. Foy and C. J. Thornton, for plaintiff in error.
O. M. Colbert, contra.

LITTLE, J.  Garrett instituted an action to recover from Wade possession of lot of land number fifty-nine in the fifteenth district of Taylor county.  It was proved on the trial that Garrett purchased the lot of land from McCants in 1880, and went into possession of it; and that the title of McCants was a deed from the sheriff of Taylor county, dated January 5, 1875, founded on a sale of the property, which had been levied on as belonging to Ogletree, under a judgment obtained against the latter in 1874.  Garrett claimed, and testified, that he sold the lot of land in question to Wade and put him in possession.  Wade, on the contrary, testified that he never bought the land from Garrett, nor ever made any agreement for the purchase of the same, but that his wife held under John C. Maund, who put her in possession under a statement that if he never called for the land it was hers.  The jury returned a verdict for the plaintiff, and a motion for a new trial was made, on the grounds that the verdict was contrary to law and the evidence, and that the court erred in refusing to charge the jury, in effect, that a levy and sale of land under an execution issuing from a justice's court, in the absence of an entry of no personal property to be found on which to levy the execution, was void, and a sale made under such an execution passed no title.  The motion for new trial was overruled, and the defendant excepted.

The evidence in the record is not conclusive that any of the parties claiming the land had a valid paper title to it.  Ogletree was never shown to have been in possession.  The defendant attempted to set up no title whatever.  Evidently the jury believed Garrett, who testified that he sold the land to Wade and put him in possession.  The deed from McCants to Garrett was dated February 19, 1880.  The deed from Pope, sheriff, to McCants, was dated January 5, 1875, and possession under this deed was shown in McCants until he sold to Garrett, and in Garrett until he sold to Wade about the year 1886, according

to the testimony of Garrett. So that, under the testimony, Garrett had a prescriptive title which, in the absence of a better one in some one else, authorized him to recover. Plaintiff in error, however, contends that McCants took no title, because the land was sold under a justice's court fi. fa., and there was no entry at the time on the execution that the defendant in fi. fa. had no personal property on which to levy the fi. fa., and that the court erred in refusing to charge, on his request, that a sale made under such execution was void. Without controverting the proposition of law so raised, it is sufficient to say that the plaintiff in the court below recovered on his prescriptive title, and whether a sale under the execution was valid or not, yet the deed made by the sheriff to McCants was color of title, no bad faith being shown, under which possession was held for more than seven years. The question then being, whether possession under color had ripened into a prescriptive title, it was not error to refuse to give the charge as requested. The evidence, as against the plaintiff in error, authorized the jury to return a verdict in favor of Garrett, his being the only title shown; and the judgment overruling the motion for new trial is therefore

*Affirmed. All the Justices concurring.*