## CONNELL *v.* CULPEPPER.

FISH, J. 1. Color of title is mere semblance of title—anything in writing connected with title to land which serves to define the limits of the claim.

(a) A deed reciting that the land thereby conveyed has been set apart as a homestead to the grantor, and having attached thereto the approval of the ordinary that the sale be made, is admissible in evidence as color of title.

(b) And so is a deed appearing to have been executed by an attorney in fact, though unaccompanied by a power of attorney.

2. " The fraud meant by the code, in declaring that possession in order to be the foundation of prescription must not originate therein, is actual, moral fraud, a wrongful act, and not an act which the law denominates a fraud regardless of the bona fides of the parties." *Ware* v. *Barlow*, 81 *Ga.* 1; *Lee* v. *Ogden*, 83 *Ga.* 325.

3. The fact that the defendant asked the plaintiff, while the latter was in possession of the land sued for, if she would sell to him, is not inconsistent with his good faith in subsequently purchasing the premises from a third person for a fair price, especially when it appears that the plaintiff had no title, but relied merely on former possession for a recovery.

4. The evidence demanded a verdict for the defendant, as it showed that he not only had a title to the land in dispute by seven years possession under color of title, but also by more than twenty years actual, adverse possession under claim of right. *Judgment affirmed. All the Justices concurring.*

Argued March 5, — Decided April 5, 1900.

Complaint for land. Before Judge Felton. Houston superior court. April term, 1899.

*H. F. Strohecker* and *M. G. Bayne,* for plaintiff.
*Duncan & Duncan,* for defendant.