## NALLEY, administrator, *v.* McMANUS.

HOLDEN, J.ʻ The defendant in error (hereinafter called the plaintiff) filed his petition, making substantially the following allegations: Since October 1, 1901, plaintiff has owned and been in possession of a described tract of land' in Douglas county, to the tax-collector of which county he has paid all ʻthe taxes due on the land and required of or due by him for any purpose from the years 1901 to 1904, inclusive, and for the same he has receipts of the tax-collector of said county, duly dated and signed. A tax fi. fa. issued by such tax-collector against the plaintiff for taxes due on the land for 1903 was, on June 5, 1904, levied' on the land, which was sold by the sheriff on July 5, 1904, for $26 to W. H. Nalley, one of the defendants, to whom the sheriff made a deed. W. H. Nalley on September 5, 1904, conveyed the land by deed to his brother J. D. Nalley, another defend'ant. The sale was void, for the reason that prior to the issuance of the fi. fa. the plaintiff had paid all taxes for 1903, and for other reasons alleged, unnecessary to be set forth. Plaintiff at the time of the sale resided in the State of California, and knew nothing of the fi. fa. being issued and the land being levied on and sold, until September, 1905. No notice of the levy was given to the plaintiff, nor to his tenants on the land. A copy of the receipt of the tax-collector for 1903 was attached to the petition. The plaintiff prayed that the defendants be enjoined from taking possession of the land, or from executing deeds to the same, and that the deeds above referred to be delivered up and cancelled as a cloud' upon the plaintiff's title. The petition was filed on September 27, 1905. A verdict was rendered in favór

of the plaintiff, and the defendants excepted to the order of the court overruling their motion for a new trial. *Held:*

1. The bill of exceptions specifies as a part of the record exceptions pendente lite to the overruling of demurrers to the petition, and assigns error on such exceptions. No exceptions pendente lite appearing in the record, this court ordered that they be sent up by the clerk of the court below, in response to which order he has transmitted to this court a certificate that no such exceptions are now in his office or were when he transmitted to this court the bill of exceptions, and he has no record or recollection thereof. Therefore no ruling can be made with respect to the assignment of error referred to above.

2. The evidence showed, that in 1903 the only property owned by the plaintiff in Douglas county was the land referred to, and that it was duly returned by the agent of the plaintiff for taxation for the year 1903, and that all taxes due on the same were paid by the plaintiff, through his agent, in the fall of 1903 to the tax-collector of that county, who delivered to such agent a receipt therefor; that the tax-collector subsequently issued a tax fi. fa. against the plaintiff for taxes for that year, by virtue of which fi. fa. the sheriff levied upon the land and sold it to W. H. Nalley, who conveyed it by deed to J. D. Nalley; that the plaintiff was a non-resident of the State during the entire year of 1903, and knew nothing of the issuance of the fi. fa., levy, or sale, until a short time before the present suit was brought. This evidence was uncontradicted, and demanded a verdict in favor of the plaintiff. *Rish* v. *Ivey,* 76 *Ga.* 738; Black on Tax Titles (2d ed.), § 156; Blackwell on Tax Titles (5th ed.), § 821; 27 Am. & Eng. Enc. Law, 753, et seq.

3. If any errors were committed by the court in any of the matters complained of in the motion for a new trial, they were not such as to require a reversal of the judgment overruling that motion, inasmuch as competent evidence, admitted without objection, demanded a verdict in favor of the plaintiff on one of the substantial issues made by the petition, as ruled in the preceding note.

Judgment affirmed. All the Justices concur.

FEBRUARY 16, 1911.

Equitable petition. Before Judge Edwards. Douglas superior court. February 1, 1909.

*J. S. James, Lawton Nalley,* and *H. W. Nalley,* for plaintiffs in error. *Roberts & Hutcheson,* contra.