### JONES et al. v. PATTERSON.

HILL, J. 1. A bill of exceptions signed on December 4, 1911, with service acknowledged thereon by counsel for defendant in error on December 16, 1911, will not be dismissed where. it appears from the acknowledgment that counsel did not distinctly and specifically state that the acknowledgment was not to be construed as waiving the time within which the acknowledgment should be made. Acts of 1911, p. 149, sec. 4.

2. An equitable petition alleged that the claimants in a case pending in the superior court had filed a claim to the property levied upon, which was duly returned into court for trial. At the trial term the claimants' attorney was too unwell to conduct the case, and applied to and obtained leave of absence from the court for that term. This fact was communicated to one member of the firm of attorneys representing the plaintiff in fi. fa., and it was agreed between the attorneys that the claim should be treated as the second claim. No entry of continuance, or agreement to treat the claim as a final one, was entered on the docket by the presiding judge. The plaintiff's attorney, late during the term of court, while claimants' attorney was at home sick, appeared before the court, announced ready in the case, and pressed it to a verdict finding the property subject to the fi. fa. levied upon it, and was proceeding to enforce the judgment obtained against the property. It was alleged that the claimants "had and still have a bona fide fee simple title to said property claimed, and could and can prove same, and that said property is not subject to said fi. fa.," etc. Claimants' attorney did not know of the verdict and judgment until after the term of court had ended, and it was too late to move to set it aside. The prayer was to have the judgment declared null and void. A demurrer to the petition was filed, upon the ground, among others, that the petition has no attached copy of the abstract of title relied on by the claimants (plaintiffs in the equitable petition), and fails to show under whom the claimants hold title. The court sustained the demurrer and dismissed the petition, and the claimants excepted. *Held*, that the petition set forth a good cause of action, and that the court erred in sustaining the demurrer.

(a) In a claim case the claimants are not required to set out the abstract

of title upon which they rely. If the petition seeking the cancellation of a judgment at law sets out such a meritorious claim to the property levied on under the fi. fa. as would have entitled the claimants to recover in the original suit, it is sufficient.

*Judgment reversed. All the Justices concur.*

November 18, 1912.

Equitable petition. Before Judge Frank Park. Decatur superior court. November 15, 1911.

*J. D. Talbert* and *A. E. Thornton,* for plaintiffs.

*T. S. Hawes,* for defendant.