PEEPLES *et al. v.* WILSON.

HILL, J. 1. By the Civil Code, § 4212, it is declared: "If the original deed be lost, a copy from the registry, if duly recorded, shall be admitted in evidence whenever the court is satisfied of the fact of loss or destruction; and to this fact the party may be a witness."

(a) No question as to the correctness of the record being involved, it is not proper, over objection, to admit the original record to show the contents of a lost deed; but the admission of such record will not require a new trial where a certified copy of the record was subsequently introduced in evidence during the trial.

2. A sheriff's deed to land, executed to one who purchases at a tax sale, though not accompanied by the tax fi. fa. under which the land was sold, is good as color of title. *Beverly* v. *Burke,* 14 *Ga.* 70; *Burkhalter* v. *Edwards,* 16 *Ga.* 593 (2), 596 (60 Am. D. 744); *Hester* v. *Coats,* 22 *Ga.* 56 (1), 58; *Sutton* v. *McLoud,* 26 *Ga.* 638 (2); *Hammond* v. *Crosby,* 68 *Ga.* 767 (1); *Wade* v. *Garrett,* 109 *Ga.* 270 (34 S. E. 572).

3. Even if an amendment to the plaintiff's petition, praying that the defendant be required to bring his title deeds under which he claimed the land in controversy into court to be surrendered and canceled, ought not to have been allowed, its allowance was not error requiring a reversal, where the jury did not find in favor of such cancellation and the court did not decree that the deeds be canceled.

4. The other assignments of error are without merit; the evidence required a verdict for the plaintiff, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*
SEPTEMBER 26, 1913.

Equitable petition. Before Judge Fite. Murray superior court. January 23, 1912.

*C. N. King* and *W. W. Sampler,* for plaintiffs in error.
*Maddox, McCamy & Shumate* and *R. N. Steed,* contra.