WOOD *et al.*, administrators, *v.* WILSON *et al.*

1. The proceedings of a court of record are to be ascertained from its own records. Parol testimony is therefore inadmissible to establish that commissioners to lay off dower made a particular return, which was made the judgment of the court, but which return and judgment were never entered on record.
2. As against a general demurrer the petition stated a cause of action.
3. Some of the instructions on the law of fraud were inapplicable, and tended to carry the suggestion that legal fraud, in contradistinction to moral fraud, would be sufficient to prevent adverse possession from ripening into a prescriptive title.
4. It is admissible to show that the defendant, since deceased, who was present at a former trial and competent as a witness, failed to testify concerning the transaction in issue, of which he had peculiar knowledge; the bona fides of which was attacked by the plaintiffs.
5. Other assignments of error are controlled by the ruling made, and do not require special notice.

MAY 18, 1916.

Complaint for land. Before Judge Brand. Jackson superior court. July 9, 1915.

The children of Posey Wilson brought an action against J. N. Wood, to recover a described tract of land, and to cancel certain deeds as a cloud upon their title. Before the last trial, which is the one under review, Wood departed this life, and the case proceeded against his administrator. It was alleged in the petition that the plaintiffs were the only heirs at law of Posey Wil-

son, and that there was no administration upon his estate. Posey Wilson died sometime previous to May 1, 1867, seized and possessed in his own right of a described tract of land. The widow applied for dower. Notice was given to the heirs at law of the application for dower, and a guardian ad litem was appointed for the minors. The commissioners appointed by the court admeasured the land in controversy as the widow's dower, and made their return to the court. This return was lost and was never recorded. There was a memorandum on the judge's docket that the return of the commissioners was made the judgment of the court, at the February term, 1868. The widow was in possession of the land in 1867, when the land, subject to the widow's dower, was sold at sheriff's sale under certain justice-court fi. fas. held by J. N. Wood as transferee, and was purchased by him. The deed made in pursuance of the sheriff's sale was alleged to be void, for the reasons, that there was no entry of nulla bona on the justice-court fi. fas. under which the land was sold; that the fi. fas. were against the widow of Posey Wilson as an individual, and not against his estate in her possession to be administered; that one of the fi. fas. had been fully paid, and was marked settled in full by the defendant more than a year before the sale; and that the levy was grossly excessive. It was further alleged that causing the two fi. fas. against the widow to be levied on the property in her hands to be administered, one of them having been paid in full and marked canceled by the defendant, and the other having been reduced by payment to a very small sum, was an actual fraud upon petitioners, and that the sale was fraudulently brought about by the defendant, and the land purchased by him with a knowledge of the fraud. In 1870 the widow conveyed the land to the defendant, warranting the title, and in her conveyance the estate granted was not limited to her dower. The widow died in 1901, and the suit was instituted in 1907. The defendant specially demurred to the allegations respecting the assignment of the widow's dower, and generally to the petition as not stating a cause of action. The demurrers were overruled. Among other things, the defendant pleaded that in 1867 he purchased the land at sheriff's sale under two executions which he held as transferee against the estate of Posey Wilson; that neither one of them had been paid at the time of the levy; that he had

purchased some personal property from the estate, the purchase-price of which he afterwards had to return, and it is possible that in this way there may be on the fi. fas. some entries which should not be on them, because he was obliged to refund money which he had tried to collect; that his conduct in the matter was without fraud or intention to defraud; that the land brought its full value, and after paying off the execution the balance of the purchase-money was paid to the representative of the estate of Posey Wilson. The plaintiffs were allowed to amend over objection of the defendant. In the amendment it was alleged that only a part of the land described was set apart as dower; but that the plaintiffs were entitled to recover the whole of the tract as described in the petition, as heirs at law of their deceased father, with reasonable rents. A verdict was returned in favor of the plaintiffs, which the court refused to disturb on motion for new trial.

*J. A. B. Mahaffey* and *W. W. Stark,* for plaintiffs in error.

*J. W. H. Underwood* and *H. H. Dean,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. The record of the dower proceedings was incomplete. All that appeared was the application for dower, notice to the plaintiffs as heirs at law, the appointment of a guardian ad litem for them, acceptance of the appointment by the guardian ad litem, and an acknowledgment of service of the petition. The plaintiffs undertook to supply the incompleteness of the record by parol testimony that the land described in the amendment was admeasured as dower by the commissioners, who made a report; and by introducing the docket of the judge, containing an entry to the effect that the return of the commissioners was made the judgment of the court. The defendant contested the validity of the dower proceedings, by special demurrer to the allegations, and by objection to the evidence offered to sustain them. The superior court is a court of record, and its proceedings are established by resort to its records. If in point of fact the dower had been set apart to the widow, but no record had been made of it, the proper practice would have been to establish such fact in an independent proceeding. It can not be shown collaterally by parol. *Clark* v. *Cassidy,* 64 *Ga.* 662 (2); *Selph* v. *Selph,* 133 *Ga.* 409 (65 S. E. 881). Allegations of the petition relating to the setting apart

of dower to the widow of Posey Wilson should have been stricken on special demurrer, and the court should not have received aliunde evidence to establish the setting apart of the dower. The amendment to the petition undertook to define which portion of the land was set apart as dower, but distinctly stated that the suit was for the whole tract. In view of the foregoing ruling, the amendment in no way changed the nature of the action.

2. The elimination of the allegations respecting the assignment of dower to the widow does not render the petition demurrable as stating no cause of action as against a general demurrer. Their purpose and scope was to relieve the plaintiffs of laches in the prosecution of their suit. One of the prayers of the petition was to recover the land, and there were allegations appropriate to this prayer. The plaintiffs and defendant claimed under a common grantor, to wit, Posey Wilson. The plaintiffs allege that they were his sole heirs at law, that there was no administration upon his estate, and that the defendant's claim of title to the land in dispute from the ancestor was invalid and fraudulent. The deed of the sheriff to J. N. Wood is void as title, for the reason that the fi. fas. by virtue of which the sale was made issued from a justice court, and the levy was made without a previous entry of nulla bona. Further, one of the fi. fas. was against Z. C. Wilson, and the other was against Z. C. Wilson, administratrix; and the land was levied on as the property of Posey Wilson. Both fi. fas. being against Z. C. Wilson individually, they could not legally divest, by levy and sale thereunder, the title of Posey Wilson, although Z. C. Wilson may have been administratrix of his estate. Though the sheriff's deed be void as title, it is good as color of title, and prescription by seven years adverse possession of the land may be predicated upon it, if the defendant's possession did not originate in fraud. It is alleged that notwithstanding the defendant had been in possession of the land for more than twenty years prior to the institution of the suit, he as transferee fraudulently brought about the sale under two small fi. fas., one of which was entirely paid and the other reduced to a very small amount, and neither of which was against the estate of Posey Wilson; that the levy was grossly excessive; that these facts were so known to him; and that he became the purchaser at the sale. As against a general demurrer these allega-

tions are sufficient to charge that the defendant's possession began in actual moral fraud. A possession originating in fraud can not be the basis of prescription..

3. The court premised his instructions on the law of prescriptive title by reading the following excerpts from the code: "Fraud, . . by which the consent of a party has been obtained to a contract of sale, voids the sale. . . Fraud voids all contracts. . . Fraud may be actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived. . . Fraud may be consummated by signs, or tricks, or through agents employed to deceive, or by any other unfair way used to cheat another. . . Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence. . . Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of parties." The only fraud which would prevent the adverse possession of the defendant from ripening into a prescriptive title is moral fraud—fraud which affects the conscience. The observations of the court upon the general subject of fraud were inapplicable and apt to mislead and confuse the jury as to the distinction between legal and moral fraud.

4. The court allowed one of the plaintiffs to testify that the defendant, J. N. Wood, was in life during the two former trials and did not testify in the case. The objection to this testimony was irrelevancy, and because the record in the Supreme Court showed that the plaintiffs had not made out a prima facie case in the former trials. The testimony was properly admitted. The failure of a litigant to testify to facts material to his case, of which he has full knowledge, where he is a competent witness, authorizes an inference that he refrains from testifying because the truth, if made to appear, would not aid his contention. Especially is this true where the whole case of his adversary is based upon a charge peculiarly within his knowledge. But this inference, of itself, does not supply evidence of the material facts; and his failure to testify may be explained. Civil Code (1910), § 5749; 16 Cyc. 1064. The basis of the plaintiffs' claim to defeat the defendant's prescription is that he fraudulently procured the

sale of their father's land and became the purchaser at that sale; and they undertook to sustain such charge by certain entries on the fi. fas. which brought about the sale, the entry on one of them showing that it had been paid in full a year before the sale, and the other showing the receipt of a payment which reduced the amount of the fi. fa. to a very small sum. The defendant had an opportunity to explain these entries. The suit was brought by heirs at law, and he was a competent witness to testify. If he allowed the case to go to a verdict without appearing as a witness when present at court, it would have been competent in that trial to discuss his conduct in this respect. If he had testified on the former trial, the record of his testimony would have been admissible in this case. It was not error for the court to allow his failure to testify on the former trial to be brought to the attention of the jury.

5. Other assignments of error not specifically dealt with are controlled by the foregoing discussion. The plaintiffs brought their suit nearly forty years after the sale. Their ages are not made to appear, but a very great period must have elapsed after attaining their majority. As to a part of the land they sought to excuse their laches by showing that they were held off from suit until the termination of their mother's dower. Inasmuch as the allegations with respect to the dower were insufficient to show that the same had ever been allowed as provided by law, it was harmful error for the court to charge upon the same, and to receive evidence in support of it. This error, in connection with the charge of the court on the general subject of fraud, will require the grant of a new trial.

*Judgment reversed. All the Justices concur.*