ROGERS *v.* SMITH *et al.*
HAMILTON, administratrix, *v.* ROGERS.

</div>

1. A bona fide purchaser of real estate, without notice, at a sheriff's sale based upon a judgment of the superior court, where the execution and sale are regular and in compliance with law, secures as good title as the defendant in fi. fa. had, and his title is not affected by secret equities.
2. Where land is sold under an execution based upon a void judgment, no title passes. But the purchaser at such sale holding the sheriff's deed has color of title; and if in good faith he enters into possession and holds the land adversely for seven years, he has a good title by prescription.

<div align="center">

JANUARY 11, 1917. REHEARING DENIED FEBRUARY 16, 1917.

</div>

Complaint for land. Before Judge Patterson. Milton superior court. August 18, 1915.

Mrs. Julia A. Rogers filed suit against Truman Smith and Mrs. J. W. H. Hamilton, administratrix, now Mrs. Frank S. Talbert, for the recovery of lot of land number 478, and a fractional part of lot number 51, each of said lots containing forty acres, more or

less. The plaintiff based her claim to lot 478 on a deed from her husband, A. L. Rogers, dated February 21, 1889, and recorded March 3, 1904; and upon a deed from A. L. Rogers, dated July 3, 1901, and recorded March 3, 1904. She based her claim to fractional lot 51 on the last-named deed. A. L. Rogers executed deeds to both of these lots, to secure notes for money borrowed. The notes secured by deed to lot 478 were sued on to judgment in the superior court of Milton county. A reconveyance by quitclaim was duly filed, the execution issuing from the judgment was levied, and after proper advertisement the lot was sold to J. W. H. Hamilton, the deceased former husband of the defendant Mrs. Talbert. The notes secured by deed to the fractional lot 51 were sued on to judgment in the justice's court. The amounts sued for on these notes exceeded the jurisdiction of the court. A reconveyance was made by quitclaim to A. L. Rogers, for the purpose of having the levy made. Subsequently the levy was made, and after being duly advertised this lot was sold to J. W. H. Hamilton. Hamilton paid the amount for which the land was sold, and received the sheriff's deeds. The deed to lot number 478 was recorded on February 4, 1903, and that as to lot number 51 was recorded on April 9, 1903.

The court directed a verdict for the defendants as to lot 478, and the jury returned a verdict for the plaintiff as to the fractional lot 51. The plaintiff excepted to the direction of a verdict by the court as to lot 478. The defendants made a motion for a new trial as to fractional lot 51, which was overruled, and they excepted.

*George F. Gober, G. B. Walker, and W. I. Heyward,* for plaintiff.
*G. A. Johns,* for defendants.

GILBERT, J. (After stating the foregoing facts.) Hamilton, the purchaser of the two pieces of land at the two sales, was not the vendee in either of the security deeds. He was a stranger, not connected with the grantee in the transactions in any way, so far as the record discloses. He paid the purchase-money in accordance with the agreement at the public sale, and went into possession without fraud, and without notice of any irregularity or illegality in the proceedings by virtue of which the sheriff sold, or undertook to sell. Mrs. Hamilton, now Mrs. Talbert, defended, claiming lot 51 by virtue of prescription under a void sheriff's deed as color of title based upon possession for more than seven years; and lot 478 under a valid sheriff's deed, and by prescription.

1. As to lot number 478, the title of Mrs. Hamilton, now Mrs. Talbert, was ample without the aid of prescription; and therefore the court did not err in directing a verdict for the defendants as to that lot. The judgment of the superior court, the execution issued thereon, and the sale of the lot by virtue thereof were regular and in compliance with law. The purchaser received a valid deed to the land, without notice of any secret equity of Mrs. Rogers, who had knowledge of the sale prior thereto, but allowed the same to proceed without disclosing her equity, and only filing her deed for record more than a year after the sale of the lot by the sheriff and the record of the sheriff's deed.

2. The judgment of the justice's court was void. The principal sum sued for exceeded the jurisdiction of the court. The execution issued on said judgment and the sale thereunder were void, and no title passed by virtue thereof. *Hamilton* v. *Rogers,* 126 *Ga.* 27 (54 S. E. 926). The purchaser at such a void sale has two remedies. He may be subrogated to the rights of the vendee in the security deed, or he may rely upon prescription; and if he has in good faith been in possession of the land under such color of title for seven years or more, he has a good title by prescription. Powell on Actions for Land, 523, § 392; *Beverly* v. *Burke,* 9 *Ga.* 440 (54 Am. D. 351); *Gittens* v. *Lowry,* 15 *Ga.* 336; *Burkhalter* v. *Edwards,* 16 *Ga.* 593 (60 Am. D. 744); *Hester* v. *Coats,* 22 *Ga.* 56; *Millen* v. *Stines,* 81 *Ga.* 655 (8 S. E. 315); *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294); *McLendon* v. *Shumate,* 128 *Ga.* 526, 531 (57 S. E. 886); *Floyd* v. *Ricketson,* 129 *Ga.* 668 (59 S. E. 909); *Harris* v. *Black,* 143 *Ga.* 497, 501 (85 S. E. 742); *Winn* v. *Bridges,* 144 *Ga.* 497 (87 S. E. 665).

It is contended by counsel for Mrs. Rogers that "every question in this case was determined upon these identical fi. fas., and between the same parties, as to another piece of land," in the case of *Hamilton* v. *Rogers,* supra. The question of prescription was not involved in that case; and considering only the issues there made, the court ruled that the purchaser was subrogated to the rights of the holder of the security deed.

3. The pleadings and evidence raised the question of prescription as to lot number 51; and since we have held that the purchaser at such a void sale could prescribe on the void deed obtained from the sheriff, it follows that it was erroneous for the court to

refuse to submit that issue to the jury, and for this reason it was error for the court to overrule the motion for a new trial.

The judgment directing a verdict in favor of the defendants as to lot 478 is *affirmed;* the judgment refusing a new trial as to lot 51 is                    *Reversed. All the Justices concur.*