THOMASSON *et al. v.* COLEMAN *et al.; et vice versa.*

376

Nos. 8961, 8996.  February 16, 1933.

*J. T. Thomasson,* for plaintiffs.

*L. E. Heath* and *George C. Palmer,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) The con-

troversy to be reviewed on the present writ of error was before this court in a different form in *Coleman* v. *Thomasson,* 160 *Ga.* 81., (supra). In that action the present plaintiffs in error in the main bill of exceptions, claiming to be successors in title to the persons named in item 8 of the will of Ben F. Coleman Sr., instituted an equitable action, alleging that John M. Coleman was dead, his estate in the property terminated, and that a fee-simple title had therefore vested in the petitioners. The petition did not allege that John M. Coleman died without "leaving child or children." It was further alleged that the property had been sold for taxes by the City of Columbus and purchased by a named person as agent of one of the petitioners; that a marshal's deed was regularly executed to this petitioner; that on or about September 5, 1916, the property was sold at sheriff's sale for taxes as the property of the estate of John M. Coleman, and was again bid in for the same petitioner by the same agent who had acted for her; that the sheriff executed a deed; "that by and through an error in the execution of said deed" it was made to the agent instead of to the petitioner; and that she took possession of the property immediately after the purchase at the sheriff's sale; and that she furnished the money with which her agent purchased the property at the sheriff's sale. The defendants filed general and special demurrers to the petition, which were overruled; and at the conclusion of the evidence the court directed a verdict in favor of the petitioners, finding that the defendants had no title, claim, or interest in the real estate; and further finding that John M. Coleman died on June 24, 1909, and had been dead for more than seven years. This court reversed the judgment overruling the demurrers to the petition, holding that "all further proceedings in the case were nugatory." We held, as the basis of our ruling upon the demurrer: (1) In so far as the plaintiffs depend for title through the residuary devisees as a basis for a decree declaring title to be in themselves or as a basis for cancelling the sheriff's deed, it was essential to allege in the petition that John M. Coleman had died without leaving child or children. (2) The deed executed by the marshal of the City of Columbus to one of the petitioners only purported to convey title to the property as held by the estate of John M. Coleman; and as it appeared from the allegations of the petition that John M. Coleman only had an estate during his life and that he was dead, such allegation was equiva-

lent to an averment that the estate conveyed by the deed had terminated, and therefore the deed in question could not serve as a basis for any relief. (3) "Whether or not the plaintiff as principal could maintain her action against the agent, or, he being dead, against his legal representative, for the relief sought, she could not maintain such action against the heirs at law alone." Thereupon the petitioners withdrew and dismissed their petition, and on January 17, 1927, they filed this proceeding for registration and confirmation of their title to the same land as was involved in the litigation to which we have referred, naming as defendants and adverse claimants the same parties who were the defendants in the prior equitable petition. The defendants filed an answer and cross-petition, under section 18 of the land-registration act (Ga. L. 1917, pp. 108, 116), denying that title to the land was in plaintiffs, and praying that the title to the land described in the petition be registered in defendants. The case was referred to A. J. Perryman, as title-examiner, who held that neither the applicants nor the adverse claimants had sufficiently shown title to the land in controversy to be entitled to the benefits of the land-registration act. Both sides excepted; and after a hearing the judge overruled all the exceptions and approved all of the findings of the examiner. Both sides now seek a review and challenge the correctness of the court's judgment.

Without calling attention to any other reason, we are clearly of the opinion that the judge did not err in his judgment that the plaintiffs had not established such title as to entitle them to have a decree registering the land as their property and establishing their ownership against future adverse claimants. As was held in *Coleman* v. *Thomasson,* supra, these petitioners could not show title in themselves without alleging that John M. Coleman had died without leaving child or children; and as it appears that there is no such essential allegation, and that the evidence introduced was wholly insufficient to establish this fact, the plaintiffs entirely failed to show title to the land they sought to have registered under the residuary clause of the will of Ben F. Coleman Sr., on which, and on which only, their claim of title is based. In like manner, the proof adduced in behalf of the adverse claimants in the present proceeding was fatally defective, by reason of the fact that the sheriff's deed for taxes, upon which alone the defendants claim title, was

based on a fi. fa. issued against the "estate of John M. Coleman," which, under the ruling in *Coleman* v. *Thomasson*, was void as a muniment of title. So the examiner properly found, and the court properly approved the finding, that the evidence in behalf of the adverse claimants was insufficient to entitle them to registration and a decree of title as provided by the land-registration act.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*