ELYEA INCORPORATED *v.* HAMMOND *et al.*

No. 11182. MAY 14, 1936. REHEARING DENIED JULY 17, 1936.

*Watkins, Grant & Watkins,* for plaintiff in error.

*J. H. Porter, Kenneth A. Campbell,* and *Frank Carter,* contra.

BECK, Presiding Justice. Mrs. Jennie S. Hammond, a non-resident of Georgia, who had previously loaned $5,000 on a house and lot in Atlanta, Fulton County, Georgia, and had taken a deed to secure the debt, accepted from the owner, a corporation, on December 1, 1932, an absolute deed in settlement of the debt, and had it recorded; a further consideration being that she pay the taxes on the property for the year 1932. She employed an Atlanta attorney at law to represent her in the transaction. Early in March, 1933, this attorney, being informed by the president of the grantor corporation that the realty in question was returned for taxes in 1932 in the name of a designated corporation other than the grantor, went to the city tax-collector to pay the taxes for that year, and found the property was returned as stated. He paid the taxes for Mrs. Hammond, and took a receipt from the city tax-collector to her. When he undertook to ascertain the amount due for state and county taxes, he inquired at the Fulton County court-house for the tax returns for the year 1932, and found that the realty was not returned that year to the county in the name of the corporation making the return for city taxes; whereupon he made an N. O. D. (not on the digest) return in the name of the corporation by which the return was made to the City of Atlanta for that year, and forthwith paid the taxes assessed by the county tax-collector and took a receipt. When this was done and his client was so informed, she gave no further attention to the matter of taxes, the taxes for all previous years having been paid. On December 20, 1932, the Fulton County tax-collector issued a tax fi. fa. against the owner of the realty in question as of January 1, 1932, the grantor in the deed to Mrs. Hammond of December 1, 1932; the state and county tax return having been correctly made in the name of that corporation, and not in the name of the corporation making the city tax return. In August, 1933, this realty was sold under the tax fi. fa. issued on December 20, 1932, but no notice of the levy and sale was served upon Mrs. Hammond, the non-resident grantee, or her tenant. At this tax sale Elyea Inc. bid off the realty. Before consummating the purchase by payment of the price bid, Elyea Inc. employed Atlanta Title & Trust Company, a corpora-

tion engaged in the business of examining and certifying to titles to real estate, to examine the title to the property so bid in at the tax sale. That company reported to Elyea Inc. that the record title was then vested in Mrs. Hammond under deed from North Boulevard Company, the defendant in fi. fa. After this report Elyea Inc. paid the amount of its bid and received the tax deed. After holding this tax deed for more than twelve months (the property not having been redeemed, and no notice within that time having been served on Mrs. Hammond), Elyea Inc. brought suit against the tax-collector and the sheriff, to require them to put it in possession of the realty, alleging that Mrs. Hammond's deed was a cloud on its title, and praying that it be so declared and be surrendered and canceled.

At this stage Mrs. Hammond filed her petition alleging that her rights were threatened and her title was clouded by reason of the outstanding tax deed made to Elyea Inc. She prayed that such tax deed be surrendered and canceled, and that Elyea Inc. and the tax-collector and the sheriff be enjoined from interfering with her possession of the premises. The matter was heard by the court on an agreed statement of facts (somewhat more ample than as set forth above, but not inconsistent therewith); but there was this additional agreement as to the facts: "That the City of Atlanta maintains a set of field books by the use of which all taxable property within the city limits is definitely located, and that each individual separate tract is valued or assessed by the city tax-assessors in the name of the party last making the tax return of said property. The State and County maintains no such field books and has no method in its office of checking as to whether or not all of the property located in the city limits has been returned for taxation purposes, or of ascertaining the name of the owner returning any particular piece of property for taxation." The judge found in favor of the petitioner's prayers, and Elyea Inc. excepted.

In view of the fact that Mrs. Hammond, after her purchase of the realty and subsequently to the issuance but before the levy of the tax fi. fa. under which it was afterward sold to the plaintiff in error, actually paid to the tax-collector the taxes assessed against the property for the year for which the tax fi. fa. was issued, the fact that she had returned the realty and paid the taxes thereon

for that year and had taken a receipt therefor in the name of a person other than the grantor against whom the taxes had lawfully accrued and against whom the fi. fa. was lawfully issued for the year in question, did not leave her chargeable with the taxes for which the fi. fa. had issued, and her payment of the taxes in the manner stated was such a satisfaction of the fi. fa. as would prevent the enforcement thereof by a sale of the realty. Consequently, in the suit by her to enjoin proceedings to evict her from the property, of which she was in possession through a tenant, and to have the tax deed declared a cloud on her title, the court properly ruled in her favor. *Nalley* v. *McManus*, 135 *Ga.* 713 (70 S. E. 255).

<div align="right">

*Judgment affirmed. All the Justices concur.*