## SMITH *v.* JEFFERSON COUNTY *et al.*

No. 15601. NOVEMBER 14, 1946. REHEARING DENIED DECEMBER 2, 1946.

678

*G. C. Anderson* and *Benjamin E. Pierce,* for plaintiff.

*Q. L. Bryant* and *W. Wright Abbot,* for defendants.

HEAD, Justice. (After stating the foregoing facts.) ■ "Where land is sold under an execution based upon a void judgment, no title passes. But the purchaser at such sale holding the sheriff's deed has color of title; and if in good faith he enters into possession and holds the land adversely for seven years, he has a good title by prescription." *Rogers* v. *Smith,* 146 *Ga.* 373 (91 S. E. 414). The same rule applies to a tax sale by a sheriff. In the present case the tax collector testified that the records in his office showed that an execution for the year 1927 issued against M. B. Smith, and that the record contained a notation that the property had been sold to the county. The plaintiff contends that the execution accompanying the tax deed on the deed records was issued against M. B. Salter. There was evidence which would have au-

thorized the finding that the name on the execution was erroneously entered at the time of recording. But even should it be assumed that the plaintiff's contention was correct, and that such execution amounted to no execution at all, it was held in *Peeples* v. *Wilson,* 140 *Ga.* 610 (79 S. E. 466), that: "A sheriff's deed to land, executed to one who purchases at a tax sale, though not accompanied by the tax fi. fa. under which the land was sold, is good as color of title." (See also authorities cited.) And in *Wood* v. *Wilson,* 145 *Ga.* 259 (88 S. E. 980), with reference to a sale by a sheriff under a tax execution, it was held: "Though the sheriff's deed be void as title, it is good as color of title, and prescription by seven-years' adverse possession of the land may be predicated upon it, if the defendant's possession did not originate in fraud."

It appears without dispute that the county board of commissioners of roads and revenues, after the time had passed for the plaintiff to redeem the property, conveyed it to the school district in 1930. Was the possession by the school authorities adverse to the plaintiff for the more than fifteen years after the execution of such deed? The allegations of the plaintiff's petition conclusively establish such possession. She alleges in one instance that "defendant trustees telling prospective lessees that they were the owners of said property . . prevented petitioner from leasing same since Jan. 1, 1930, thereby causing her a loss of over $100 per annum since that time;" and in another paragraph she alleges that "the trustees . . have wilfully and wantonly and continuously trespassed upon said land of petitioner, and been in the possession thereof, except a short time in 1934, a short time in 1937, and a short time in 1942, when plaintiff was in possession of same, since January 1, 1930," for which she asks damages. Since the plaintiff does not undertake to state any fact or circumstance to show what her short possession in 1934, 1937, and 1942 consisted of, such allegation is a mere conclusion, and does not overcome her allegation that the trustees have been continuously in possession since 1930. Under the averments of her petition, the only time that she did anything to evidence possession was in 1942, when she attempted to have a fence constructed around the lots, and then she alleges that the person in charge of such work was arrested and the fence torn down at the instance of claimants to the property. Certainly, under the allegations of the petition, the plaintiff fails to show any acts of

possession since 1930. The undisputed testimony for the defendants shows improvement and grading of the property, and use by the teachers, children, and school authorities since 1930.

"Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Code, § 85-403. Under the allegations of the petition, the plaintiff's attention was attracted to the use of the lands by the school authorities in 1930, and her only attempt to evidence possession was resisted with sufficient force to prevent her occupation of the lands, even temporarily. It follows that the school authorities at least acquired title by prescription under color of title, unless possession was acquired by fraud. "'The fraud meant by the Code, in declaring that possession in order to be the foundation of prescription must not originate therein, is actual, moral fraud, a wrongful act, and not an act which the law denominates a fraud regardless of the bona fides of the parties.'" *Connell* v. *Culpepper,* 111 *Ga.* 805 (35 S. E. 667). Did the possession of the school authorities originate in fraud? No such wrongful act as to the school authorities is alleged, nor is there any evidence of any such acts in the record.

By holding that the school authorities acquired title by prescription under color of title prior to the filing of the present action, we do not intend to infer that the deed made by the sheriff to Jefferson County is necessarily void. Under decisions of this court in *State* v. *Hancock,* 79 *Ga.* 801 (5 S. E. 248), *Barnes* v. *Lewis,* 98 *Ga.* 559 (25 S. E. 589), and *Dawson* v. *Dawson,* 106 *Ga.* 45 (32 S. E. 29), a contrary ruling would appear to be authorized. The assumption that the sheriff's deed was void, however, is the most favorable position possible to the plaintiff, and under it she can not recover, the defendants having acquired title by prescription under their deed.

■ The exceptions pendente lite, which assign error on the allowance of an amendment by the defendants, pleading a paving assessment against M. B. Smith due the City of Wadley, and alleged to have been paid by the defendants to protect their title, do not show any reversible error. The title which the defendant school district acquired under their deed and by prescription was in no way dependent on such paving assessment, if due and paid

as alleged. The court did not err in allowing the amendment, which might have been germane as a claim for equitable setoff, had the plaintiff recovered in her action for the property.

The Code, § 32-909, providing that county boards of education shall have power to control the property of school districts, necessarily means that such districts may receive property for such county boards of education. The contention that local trustees could not be the owners of the property in question is therefore without merit.

Grounds of the motion for new trial as amended, contending that the court should have charged the jury certain principles of law, and that it was error to direct a verdict for the defendants for certain reasons assigned, are controlled, adversely to the plaintiff's contentions, by the rulings heretofore stated sustaining such verdict. *Judgment affirmed. All the Justices concur.*