33190. OUTLAW *v.* PREMIUM DISTRIBUTING COMPANY INC.

DECIDED JANUARY 27, 1951.

C. O. Baker, for plaintiff in error.

Scott & Horne, contra.

WORRILL, J. Premium Distributing Company Incorporated, sued out on January 5, 1950, an attachment under the provisions of the Code, § 8-101 et seq., against Louis A. Gilly Jr., the affidavit alleging that the defendant was indebted to the affiant in the sum of $361.50 (subsequently amended to read $316.20), and was removing or about to remove beyond the limits

of the State of Georgia and of Clarke County. The attachment was levied by serving a process of garnishment on Herbert E. Outlaw on the same day, January 5, 1950, and was made returnable to the February term, 1950, of the City Court of Athens, said court having four quarterly terms convening on the third Mondays of February, May, August, and November. On February 23, 1950, the Judge of the City Court of Athens entered the following order: "Whereupon, the within case being in default, it is considered, ordered and adjudged that the plaintiff in attachment, Premium Distributing Co. Inc., do have and recover of the garnishee, H. E. Outlaw, the sum of $316.20 plus $........... cost of court." Therefore, on May 1, 1950, the garnishee filed his motion in arrest of judgment in the case, on the ground that the judgment by default was prematurely entered; and on May 3, 1950, after hearing argument thereon the court overruled and denied the motion. The exception here is to that order.

██ The defendant in error has made in this court a motion to dismiss the writ of error on the ground that there was no service of the bill of exceptions on counsel for the defendant in error after the certification by the trial judge, and on the ground that the defendant in the attachment case was not made a party to the bill of exceptions. This motion is without merit, and it is not deemed necessary to elaborate in the opinion on this point beyond what was said in the headnotes.

█ The plaintiff in error contends that, under the provisions of the acts establishing the City Court of Athens, and of § 8-506 of the Code of Georgia—which it is claimed applies to the procedure in attachment and garnishment suits in that court, the court was without authority to enter a judgment against the garnishee prior to the first day of the May term of that court. The defendant contends that the provisions of that Code section do not apply to suits in the City Court of Athens, in view of the provisions of section V of the act of 1894 (Ga. L. 1894, p. 210), amending the act establishing that court. These contentions make the issue for consideration in this case.

The pertinent provisions of the act creating the City Court of Clarke County (the name was changed to City Court of Athens by the act of 1894, Ga. L. 1894, p. 212), Ga. L. 1878-79,

pp. 291-300, are: "Section XII. In all matters pertaining to pleading and practice, the laws and rules governing the Superior Courts, where not inconsistent with the express provisions of this Act, shall apply to and govern the said City Court pleading and practice in every particular, so far as the same may be applicable. . . Section XVI. The general law of this State with regard to the commencement of suits in the Superior Courts, defenses, and witnesses, and their attendance, interrogatories, set-offs, affidavits of illegality, arbitration, claims to personalty, examination of parties to suits, or witnesses by interrogatories or under subpoenas, or other matters of a judicial nature, within the jurisdiction of said City Court shall be applicable to said City Court." Section XXII of the same act, as amended by section V of the act of 1894 (Ga. L. 1894, p. 210) provides that all civil cases shall be returnable to the first regular quarterly term of the City .Court after 20 days having elapsed from the filing and docketing on the proper docket of the court and after the same shall have been served on the defendant at least fifteen days before the term at which the case is returnable and liable. By this same section the appearance term of the court was abolished and defendants are required to file their defense on or before the first day of the said term of court, and the cases shall then be tried unless postponed or continued under the ordinary rules of practice.

"The sole object of judicial interpretation is to find and declare the true intention of the lawmaking body" (*Botts* v. *Southeastern Pipe-Line Co.*, 190 *Ga.* 689, 697, 10 S. E. 2d, 375) ; and it is the duty of this court, in construing and applying these provisions of the acts establishing the City Court of Athens, so to construe them as to harmonize them with one another and with other provisions of the acts in question and with the whole system of the law of which they are a part; and where the language of a particular act leaves it doubtful as to whether it was the intention of the legislature to repeal the provisions of an earlier act relating to the same subject-matter, such language will, where possible so to do, be construed as not repealing such prior expression of the legislative will. Mills *v.* Scott, 99 U. S. 25 (25 L. ed., 294, 295) ; *McDougald* v. *Dougherty*, 14 *Ga.* 674 (5) ; *Trustees of the First Methodist Episcopal Church, South*

v. *City of Atlanta,* 76 *Ga.* 181 (3b) ; *Cook* v. *Wier,* 185 *Ga.* 418, 421 (195 S. E. 740) ; *Botts* v. *Southeastern Pipe-Line Co.,* 190 *Ga.* 689 (supra) ; *Carroll* v. *Ragsdale,* 192 *Ga.* 118, 120 (15 S. E. 2d, 210). In view of these rules of construction, it becomes our duty to construe these aforementioned and quoted provisions of the acts establishing the City Court of Athens with the other provisions of those acts relating to practice and procedure in that court as they affect the question presented by this case. Section XIV of the original act provided that "Garnishment proceedings in said Court shall be conformable to the laws of the State on that subject in the Superior Court, provided the garnishee shall reside in the County of Clarke . ." Section XVIII of the same act also provided that "All Acts, and parts of Acts, already or hereafter passed, upon the subject of attachment or garnishment, or legislating as to any matter whatever, in the Superior Courts of this State, shall apply to said City Court, as if named with the Superior Courts in said Acts, so far as the nature of said City Court will admit. The Judge of said City Court or any Justice of the Peace, or Notary Public, or other officer authorized by law to do so, may issue attachments and garnishments, returnable to the said City Court under the same laws governing attachments or garnishments returnable to the Superior Courts of this State." In conformity with the rules of construction previously enunciated, we do not think that it was the intention of the legislature, in enacting section V of the act of 1894, to repeal the provisions of sections XIV and XVIII of the act of 1879. There is, of course, no express repeal of these sections in the later act and no such inherent inconsistency between them as to require the repeal by implication of the last-mentioned earlier sections. Looking at the entire scheme of the legislation respecting the City Court of Athens, beginning with the act creating the court and including the act of 1894, we think it clear that it was the intention of the legislature that the practice in the city court in all matters, and particularly in garnishment proceedings, would conform to that in the superior courts wherever possible. So, it would seem that the provisions of the law relative to garnishment actions in the superior courts would apply to the City Court of Athens.

What then are these provisions of the general law relative to

the procedure in attachment and garnishment cases in the superior courts that apply to the City Court of Athens and have a bearing on the question raised by the record in this case; and how do such provisions affect the mode of asserting rights or the time for making defenses in such court in garnishment cases? It is deemed necessary to consider only the one Code section previously mentioned and relied on by the plaintiff in error. "When any person summoned as garnishee fails to appear in obedience to the summons and answer *at the first term of the court at which he is required to appear,* the case shall stand continued until the next term of the court; and if he should fail to appear and answer by said next term, the plaintiff may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in attachment, or so much thereof as shall remain unpaid at the time the judgment is rendered against the garnishee, and the court may continue the case until final judgment is rendered against the defendant in attachment." Code, § 8-506. (Italics ours.) In the instant case, the first term at which the garnishee was required to appear was the February term of the court, convening on the third Monday in February, 1950, which under the facts appearing was clearly more than 20 days after the filing and docketing of the case on January 5, 1950, and more than fifteen days after the service on the garnishee on the same day. That was the first term, under the rules of practice in the City Court as provided by section V of the act of 1894, at which the garnishee was required to appear. "In construing this section [§ 8-506] it has been repeatedly held that the garnishee has until the first day of the second term after the service of summons of garnishment in which to answer, . . ." *Sanford v. Zoller,* 67 *Ga. App.* 535, 537 (21 S. E. 2d, 265). Conforming the practice of the court in regard to attachments and garnishments to that of the Superior courts as provided in § 8-506 of the Code, quoted above, and as construed in the *Sanford* case, the case at bar should have been continued until the next quarterly term of the court or, in other words, until the third Monday in May, 1950, at which time, if there had been no appearance for the garnishee, it would have been proper to have entered up a judgment against the garnishee in accordance with the provisions of law. Nothing in the nature

of the City Court of Athens, nor the fact that the court has no appearance term and that the first term is the trial term, requires a conclusion different from that which we have reached.

It follows that the trial court erred in entering a final judgment against the garnishee before the first day of the May term of the court and in thereafter overruling and denying the motion in arrest of judgment, filed by the garnishee during the February term. Such default judgment was entered without authority in law and was properly attacked under the provisions of Chapter 110-7 of the Code.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*