62

## 33915. CARNES v. PITTMAN.

CARLISLE, J. 1. "Where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, *whether such signing shall be done before or after the signing of the writ of error,* unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him." Code, § 6-912. The following acknowledgment of service, signed on October 30, 1951, was sufficient to constitute service of the bill of exceptions, although the writ of error was not tendered to the trial judge until November 8, 1951, nor signed by him until November 16, 1951: "Due and legal service of the above and foregoing bill of exceptions is hereby acknowledged. Copy received. All other and further service or notice waived." *Bush* v. *Smith,* 77 *Ga. App.* 329 (1) (48 S. E. 2d, 582); *Outlaw* v. *Premium Distributing Co.,* 83 *Ga. App.* 198 (63 S. E. 2d, 260). The ground of the motion to dismiss the writ of error for failure to serve the defendant in error is denied.

2. "Exceptions tendered before the final judgment, for the mere purpose of being made a part of the record, shall be certified to be true by the judge and ordered to be placed on the record. Such exceptions shall be tendered within 20 days from the date of the order, decision or ruling complained of" (Code, Ann. Supp., § 6-905); and, where no exceptions pendente lite were filed to a ruling made on October 17, 1951, dismissing the plaintiff's plea of retraxit to the defendant's answer, but an exception to such ruling is contained in the final bill of exceptions, presented to the trial judge on November 8, 1951, 22 days after the date of the ruling complained of, such exception comes too late and cannot be considered by this court. *Pugh* v. *Moore,* 207 *Ga.* 453 (3) (62 S. E. 2d, 153).

3. Where, in a bill of exceptions complaining of the grant of a nonsuit, the brief of evidence is specified as material to a clear understanding of the error complained of—which it, of course, is (*St. Paul Fire & Marine Ins. Co.* v. *Jackson,* 22 *Ga. App.* 200, 95 S. E. 717, and cases cited)—but it nowhere appears, either in the bill of exceptions or the record, that the purported brief of evidence has been approved or authenticated by the trial court, the judgment granting the nonsuit must be affirmed. *Tidwell* v. *Alabama Great Southern R. Co.,* 20 *Ga. App.* 826 (93 S. E. 511); *Madison* v. *State,* 4 *Ga. App.* 218 (60 S. E. 1068); *Paul* v. *Smith,* 1 *Ga. App.* 640 (1) (57 S. E. 1034), and cases cited.

*Judgment affirmed. Gardner, P.J., and Felton, J., concur. Townsend, J., disqualified.*

DECIDED MAY 1, 1952.

*J. Sidney Lanier,* for plaintiff.

*R. C. Pittman, C. C. Pittman, J. L. Davis, P. A. Brag, W. B. Greene,* for defendant.