## CARNES v. PITTMAN.

HEAD, Justice. Richard M. Carnes filed a petition in Bartow Superior Court to register the title to eighteen land lots, claiming possession under fee-simple title as shown by an attached abstract of title. C. C. Pittman filed an answer, asserting that he held under tax deeds for the years 1924 and 1925, and under a quitclaim deed. The case was referred to an examiner, and evidence was submitted by both parties. The petitioner filed exceptions of law and fact to the report of the examiner, which was adverse to his claims. The defendant also filed exceptions of law relating to the admission of testimony that had been offered in a former land-registration suit between the petitioner and the defendant. The court in separate orders sustained a motion of the defendant to disallow and dismiss the petitioner's exceptions of law and fact, decreed title to the lots to be in the defendant and that title be registered in his name, and sustained the defendant's exceptions of law. The petitioner excepted to each of these rulings. *Held:*

1. There is no merit in the motion to dismiss the bill of exceptions for failure to perfect service. On the same day that the bill of exceptions was certified, the defendant in error signed an acknowledgment of service as follows: "Service of the above and foregoing Bill of Exceptions acknowledged. Notice waived. Copy received." This constituted an express acknowledgment of service of the bill of exceptions as provided by the Code, § 6-911.

(a) The exceptions to antecedent findings of the examiner set forth the reasons relied upon to have those findings set aside, and the alleged errors in such antecedent rulings, if erroneous, entered into the subsequent final judgment decreeing title in the defendant. Accordingly, general assignments of error to subsequent rulings were sufficient. *Gaither* v. *Gaither,* 206 *Ga.* 808 (1) (58 S. E. 2d, 834), and cases cited.

(b) The final report of the examiner containing the evidence upon which he made his findings, and no additional evidence having been introduced at the hearing before the trial judge, the bill of exceptions was not subject to dismissal on the grounds that (1) the plaintiff in error nowhere in his bill of exceptions specified a complete brief of the evidence before the trial judge, or (2) there was no approved brief of evidence as required by the Code, § 6-802.

2. A principal contention on the trial before the examiner was that the petitioner had paid all taxes on the land in question, and that the tax deeds under which the defendant claimed were therefore void. See, in this connection, *Rish* v. *Ivey,* 76 *Ga.* 738 (2); *Nalley* v. *McManus,* 135 *Ga.* 713 (2) (70 S. E. 255). Assuming but not deciding that the petitioner's evidence failed to show payment of taxes, the defendant would not be relieved from establishing his title, since every applicant for land registration must stand on the strength of his own title, and not on the weakness of his adversary's title. *Thomasson* v. *Coleman,* 176 *Ga.* 375 (1) (167 S. E. 879). The examiner having found, as a matter of fact, that the character of possession of both the plaintiff and the defendant fell short of the requirements of the Code, § 85-401 et seq., a finding that title was in the defendant was unauthorized.

Accordingly, the trial judge erred in sustaining a motion of the defendant to disallow and dismiss the petitioner's exceptions of law and fact, and further rulings became nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18106. Argued January 14, 1953—Decided February 24, 1953— Rehearing denied March 10, 1953.

*J. Sidney Lanier,* for plaintiff in error.

*C. C. Pittman, R. C. Pittman, W. B. Greene* and *Percy A. Bray,* contra.

ON MOTION FOR REHEARING.

The defendant in error in his motion for rehearing contends that the ruling of this court in the first division of the opinion is in conflict with the ruling in *Parker* v. *Parker,* 208 *Ga.* 190 (65 S. E. 2d, 794). In the present case the defendant in error signed the entry: "Service of the above and foregoing bill of exceptions acknowledged. Notice waived. Copy received."

The Code, § 6-911 (1), provides: "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there shall be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served."

This section of the Code makes provision for "acknowledgment of service." "Service" at law is the "act of bringing to notice, either actually or constructively, in such manner as is prescribed by law; . ." It may be "personal, in which case a copy of it must be delivered, or offered to and left with, the person to be served." Webster's International Dictionary (2d ed.), p. 2288. When the defendant in error stated "service of the above and foregoing bill of exceptions acknowledged," he acknowledged service in the manner provided by the Code, § 6-911.

In *Parker* v. *Parker,* supra, it was held that an entry, "Copy of the within and foregoing bill of exceptions . . is hereby acknowledged as received; any and all other and further notice

in connection with its presentation for certifying by the presiding judge is hereby waived," was not an "acknowledgment of service." It will be noted that this entry did not contain the language, "service of the above and foregoing bill of exceptions acknowledged," or any similar language, nor is there any acknowledgment of "service" or any "waiver" of service.

The requirement of the act of 1946 (Ga. L. 1946, p. 726, Code, Ann. Supp., § 6-908.1), providing that, "the judge, before certifying the bill of exceptions, shall require reasonable notice to such attorney or such party and afford him an opportunity to be heard on the question of whether or not the bill of exceptions as tendered is correct and complete", and providing that this privilege may be waived, has no relation to service of the bill of exceptions; and it is expressly provided in the act aforesaid (Code, Ann. Supp., § 6-909) that "The action or non-action of the trial judge as to requiring notice under this section and section 6-908.1, shall not be reviewable." Accordingly, this court is not concerned with any failure or neglect of a trial judge to perform the duty imposed upon him as to notice prior to presentation, and if a judge fails to perform his duty in this respect, he has incurred no penalty.

"Where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing shall be done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him." Code, § 6-912.

Since the defendant in error did not specifically state that his acknowledgment of service was not to be construed as waiving the time within which the acknowledgment should be made (see *Jones* v. *Patterson*, 138 *Ga.* 862, 76 S. E. 378; *Mitchell Automobile Co.* v. *McDaniel*, 143 *Ga.* 516, 85 S. E. 635; *Langford* v. *Salter*, 146 *Ga.* 123, 90 S. E. 860), it is immaterial, under the above Code section and decisions of this court, whether the defendant in error signed his acknowledgment of service before or after the certification of the writ of error by the trial judge. As to the

right of a defendant in error or his counsel to acknowledge service before the signing of the writ of error, see *McGreggor* v. *W. L. Florence Construction Co.,* 208 *Ga.* 176 (65 S. E. 2d, 809) ; *Bush* v. *Smith,* 77 *Ga. App.* 329 (48 S. E. 2d, 582) ; *Outlaw* v. *Premium Distributing Co.,* 83 *Ga. App.* 198 (63 S. E. 2d, 260).

The defendant in error in his motion for rehearing has not cited any case in point as to the language employed in the acknowledgment of service. As was pointed out by Mr. Chief Justice Duckworth in *South Side Atlanta Bank* v. *Anderson,* 200 *Ga.* 322 (37 S. E. 2d, 404), this court may acquire jurisdiction of a writ of error by a service of the bill of exceptions, or by a due and legal waiver, or by an acknowledgment of service. In this instance the defendant in error acknowledged service of the bill of exceptions. The mere fact that he stated therein, "notice waived," would not destroy the acknowledgment of service, since under the rules of law and decisions of this court and the Court of Appeals, it is immaterial whether the defendant in error acknowledged service before or after the certifying of the writ of error by the trial judge.

The defendant in error insists that no effect has been given to the act of 1949 (Ga. L. 1949, pp. 1132-1133; Code, Ann. Supp., §§ 92-8315, 92-8316). This act has no application to the facts in the present case, since it is provided therein that "Any tax deed regularly executed *at a valid and legal sale* . . shall after the expiration of seven years . . convey fee-simple title." (Italics ours.) The issue in so far as the defendant in error was concerned was as to the validity of his tax deed. On this issue the findings of the examiner are not without conflict. The record shows without dispute that the plaintiff in error claimed the property under duly executed deeds and had returned it for taxation and paid the taxes assessed. A purported sale for taxes would be void if in fact all taxes were paid.

While it has been held that possession of land under a void tax sale for a period of seven years will perfect a title by prescription (*Wood* v. *Wilson,* 145 *Ga.* 256, 259, 88 S. E. 980; *Smith* v. *Jefferson County,* 201 *Ga.* 674, 40 S. E. 2d, 773), the examiner having found that the defendant in error did not show such possession as would be required by law, he was not entitled to a

registration of title to the lands in his name. It follows that the motion for rehearing is

*Denied. All the Justices concur, except Atkinson, P. J., not participating.*