## 32. SHIELDS *v.* GEORGIA RAILWAY AND ELECTRIC COMPANY.

1. In an action for personal injuries, by a passenger against a street-car company, there must be damage to the plaintiff and negligence by the defendant, causing the injury, to authorize a recovery. Where an amendment to the original petition sets up distinct acts of negligence, to entitle the plaintiff to recover on the amendment the evidence must show not only the existence of such negligence, but that such negligence was the direct and proximate cause of the plaintiff's injury; and where the plaintiff's own testimony utterly negatived the fact that the acts of negligence alleged in the amendment had anything to do with her injuries, but, on the contrary, showed positively that the injuries were caused solely by the negligence alleged in her original petition, the court did not err in withdrawing the amendment from the consideration of the jury. Especially is this true where the other evidence in the case failed to establish negligence on the part of the defendant in the matters alleged in the amendment.
2. Section 5163 of the Civil Code was not applicable to the facts of this case, and the court did not err in failing to give it in charge to the jury. Especially is this true where there was no written request so to charge.

Action for damages, from city court of Atlanta—Judge Calhoun. May 1, 1906.

Argued January 11,—Decided February 13, 1907.

*Burton Smith, J. A. Branch,* for plaintiff.

*Rosser & Brandon, W. T. Colquitt,* for defendant.

HILL, C. J. Annie R. Shields brought suit in the city court of Atlanta against the Georgia Railway and Electric Company, for damages resulting from personal injuries which she alleged that she received, while a passenger, through the negligence of the defendant. In her original petition she alleged, that the negligence of the company consisted in the fact that the car on which she was a passenger "did not stop long enough for her to alight,

and that while she was in the act of alighting, the car was suddenly started, throwing her to the ground." During the trial of the case, she filed an amendment to her declaration, setting up other acts of negligence, to wit: "First, that the defendant failed to afford her a safe place and safe means for alighting at said time and place; and second, that the step was too high for her to alight in safety." After verdict and judgment rendered in favor of the defendant, the plaintiff made a motion for a new trial. The motion was overruled, and this judgment is assigned as error. The general grounds of the motion are not insisted upon; but two special grounds of error are relied upon as entitling the plaintiff to a new trial.

1. The court below withheld from the consideration of the jury, in his charge, the question of negligence alleged in the amendment to the petition. On this point the court charged the jury as follows: "The court charges you that you can not, under the evidence in this case, take this amendment under consideration. You will only take the case as it stands in this declaration, without amendment; because the court holds that under the undisputed evidence in this case, there is no case made out, under the amendment as set out, of a defective step or too high a step, or something of that kind." Did the court commit an error in so charging? The evidence in the case in behalf of the plaintiff was directed to the acts of negligence set forth in her original petition. She herself testified as follows: "When I went to get off the car it moved slightly, and I fell. I fell in making the last step. What caused me to fall, was, the car moved slightly and undermined my step." One other witness testified for the plaintiff, substantially corroborating her testimony that the car moved while she was in the act of getting off. This was all the testimony for the plaintiff indicating how the accident happened. To meet this evidence the defendant introduced its conductor and four other witnesses, who were passengers, all of whom testified that the car was standing perfectly still during the whole time the plaintiff was alighting from it. This was all the evidence relating to the negligence alleged in the original petition. The evidence illustrating the ground of the alleged negligence set forth in the amendment to the petition was by the witnesses for the defendant, no evidence whatever having been introduced by the plaintiff in support of her

amendment. The evidence for the defendant showed, that the car was an open car with a running-board on the side, upon which the passengers would step in alighting from the car; that this running board was the same kind as that in ordinary use, being the same distance from the ground as that on the other cars of the defendant; and that the distance from the running-board to the ground was from sixteen to eighteen inches. It may be stated that the evidence also disclosed the fact that the lower step of the closed cars used by the defendant was nearer to the ground than the running-board on the open cars.

The learned counsel for the plaintiff in error insists that under these facts and the further facts that the plaintiff was an "old, small, and feeble woman," the question of negligence should have been left to the determination of the jury. This would be unquestionably true if there was nothing more in the evidence on the subject of negligence and the cause of the injuries. Indeed, the presumption of negligence against the carrier, after the injury is shown, would itself be sufficient to carry the case to the jury, if nothing else appeared. It was incumbent upon the plaintiff not only to show that she was injured by the negligence of the defendant, but that such injury was the direct and proximate consequence of the negligence alleged against the defendant; for, to constitute an actionable tort, there must be damage to the plaintiff and negligence by the defendant, causing the injury. *Atlanta Consolidated Street Railway Co.* v. *Owings,* 97 *Ga.* 663; *Central Railroad* v. *Freeman,* 75 *Ga.* 331. In this case, the plaintiff's own evidence utterly negatives the allegations in her amendment as to the cause of her injury. It might be true that the step was too high, although the only evidence on the subject was the physical height of the step from the ground, yet the plaintiff herself swears clearly and distinctly that the height of the step was not the negligence which caused her injury. She positively states: "When I went to get off the car it moved slightly, and I fell. I fell in making the last step. What caused me to fall was, the car moved slightly and undermined my step." Even, therefore, if we assume that the jury could have found that a step sixteen or eighteen inches from the ground was too high for the plaintiff to have alighted in safety, and that the presumption of law would have justified the conclusion of negligence in this respect, yet the posi-

tive testimony of the plaintiff herself clearly establishes the fact that she was injured, not because of the step being too high, but by another and entirely different act of negligence, to wit, the sudden starting of the car while she was alighting, throwing her to the ground. It has been repeatedly ruled by the Supreme Court that where a party to a suit makes a statement as a witness, concerning his case, the statement must be taken as true which bears must strongly against his right to recover (*W. & A. Railroad Co.* v. *Hunt,* 116 *Ga.* 450); but in this case it is unnecessary to invoke this principle of law, because the plaintiff herself did not, either by her own testimony or that of any other witness, contend that the step of the car was too high, or that she alighted in an unsafe place. On the contrary, the plaintiff testified positively that the only thing which caused the accident was the sudden movement of the car which threw her to the ground.

The majority of the court does not think that there was any satisfactory evidence in the case from which the jury could have inferred that the step was too high; but it is not material to determine this question. Neither was the court required to submit such question to the jury, in view of the positive evidence by the plaintiff that such negligence had nothing at all to do with her injury. "While a judge is forbidden to express or intimate his opinion concerning a question of fact about which there is any doubt whatever, he may with propriety say to the jury that there is no evidence to support an alleged fact, when such statement is unquestionably true;" and when an allegation is entirely unsupported by the evidence, "the judge may aid the jury by so informing them, thus relieving them of that much difficulty in reaching a correct conclusion in the case." *E. Tenn. Ry. Co.* v. *Markham,* 88 *Ga.* 60; *Southern Ry. Co.* v. *Chitwood,* 119 *Ga.* 28; *Underwood* v. *American Mortgage Co.,* 97 *Ga.* 238. In the case that we are now considering, not only was there no evidence sustaining the amendment of the plaintiff, but it affirmatively appears, from the evidence of the plaintiff, that the matters of negligence set out in the amendment had nothing whatever to do with causing her injuries. We therefore hold that the court did not err in withdrawing the amendment from the consideration of the jury.

2. In the next place it is said that "the court erred in failing

to charge the jury on the law applicable to the failure of the party to produce evidence that it is in his power to produce, it appearing, on the trial of the case, that the motorman of the car on which plaintiff was riding was in court but was not sworn for defendant." The evidence in the record fails to disclose any fact or circumstance indicating that the motorman saw or knew anything about the accident. The defendant introduced the conductor and four passengers who testified that they saw everything that happened when the plaintiff was injured. We do not think, therefore, that there were any facts which would have required, or even warranted, the court in charging section 5163 of the Civil Code. Where it does not appear that the party holds back evidence within his power to produce, the non-production of more full and definite evidence than he presents raises no presumption against him; and there should be no charge given to the jury on the subject of such a presumption. *Central Railway Co.* v. *Bernstein,* 113 *Ga.* 175 (5). In this case it appears that the defendant did as a matter of fact introduce the most satisfactory evidence in its power, and it would have been error against the defendant if the court had charged the section of the Civil Code, supra. In addition to the fact that this section of the code was not applicable to the evidence in the case, no written request was made to the court to charge this principle of law. It has been frequently held by the Supreme Court that a failure to give instructions to the jury not demanded by the evidence will not, in the absence of a written request so to charge, in any event, be cause for a new trial. *Cooper* v. *Nisbet,* 119 *Ga.* 752 (3).

For the reasons stated, we think that the court did not err in any of the matters set forth in the assignments of error; and the refusal to grant a new trial was right.          *Judgment affirmed.*