### 834.   CHESTER *v.* THE STATE.

POWELL, J.   1. While a conviction of the offense of shooting at another is not legal where the evidence as a whole .shows that the defendant deliberately shot the prosecutor, either maliciously or else justifiably, yet this is not true where, under any phase of the evidence, a shooting unlawful but not malicious can be inferred.

2. Where, under the defendant's statement taken as a whole, the shooting was justifiable, but where, discarding it in part and taking it in part, the shooting was not justifiable and yet not malicious, the jury were authorized to find him guilty of shooting at another.

3. A part of the defendant's statement rendered a conviction of the offense of shooting at another lawful, under the rule in the case of *Hill* v. *State*, 64 *Ga.* 454.                    *Judgment affirmed.*

Indictment for shooting at another, from Washington superior court—Judge Rawlings.   July 12, 1907.

Argued December 10,—Decided December 20, 1907.

*Evans & Evans,* for plaintiff in error.

*Alfred Herrington, solicitor-general, Hines & Jordan,* contra.

---

### 835.   DUGGAN *v.* THE STATE.

HILL, C. J.   The defense of alibi being the main defense, under the evidence the court should have instructed the jury upon that subject without a request.                    *Judgment reversed.*

Accusation of misdemeanor, from city court of Sandersville— Judge Jordan.   October 7, 1907.

Submitted December 10,—Decided December 20, 1907.

*Evans & Evans,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.