### 4908.   Cox *v.* Manning.

RUSSELL, J.   1. The direction given to this case by the trial judge secured substantial justice, and the judgment will not be reversed in order that the same result may be more technically reached by regular procedure at a later stage in the trial.

2. Under the undisputed evidence trover was not available to the plaintiff as a remedy to settle the matters in dispute between the members of a partnership composed of the plaintiff and the defendant. The testimony showed that title to the property sought to be recovered was in the partnership, and that the plaintiff's interest therein could not be determined

until after a full accounting between the parties. *Miller* v. *Freeman*, 111 *Ga.* 654 (36 S. E. 961, 51 L. R. A. 504). An action for the purpose of having such an accounting, being equitable in its nature, must be brought in the superior court of the county of the defendant's residence.

*Judgment affirmed.*

DECIDED SEPTEMBER 23, 1913. REHEARING DENIED OCTOBER 3, 1913.

Bail-trover; from city court of Leesburg—Judge Long. April 24, 1913.

A. E. Manning brought trover against Cox for a stock of merchandise, and sued out bail process; and, on failure of the defendant to give bond, the plaintiff gave the statutory bond and the property was delivered to him. The defendant filed an answer, in which he averred that the firm of A. E. Manning & Company, composed of A. E. Manning and himself, owned the stock of goods in question; that he held possession of the goods as a member of the firm, and for the use and benefit of the firm; that he was the general manager, and was entitled to the custody and control of the goods. The plaintiff filed a traverse, as follows: "Now comes plaintiff and traverses and denies the allegations of defendant's dilatory plea, and says: First: Only a court of equity could administer or adjudicate any partnership rights, if any be shown; and the superior court . . would have jurisdiction, and not this court. . . Second: Subject to plea to jurisdiction, plaintiff alleges the title and property in said stock of goods was and is in this plaintiff." The defendant moved that the court strike this traverse, because it was not a traverse, but an exception to the jurisdiction of the court; because the issue made by it was already made by the pleadings, and because his plea was not a dilatory plea. This motion was overruled. The defendant orally demanded a trial by jury of the issue made by the plaintiff's traverse of his plea, and the demand was overruled. An oral demand for jury trial had been made by him and entered on the docket by the court at the appearance term, it being the practice of the court to dispense with written demand. The court heard evidence on the issue made by the traverse of the defendant's plea, and at the conclusion of the evidence the plaintiff moved "for a nonsuit of the defendant on said plea." Thereupon the court rendered the following judgment: "On issue joined on dilatory plea the court is of the opinion that the matters involved are beyond the jurisdiction of this court, and the case is therefore stricken from the docket and dismissed

without prejudice. . . Costs against plaintiff." To this judgment and the previous rulings stated the defendant excepted.

*W. G. Martin,* for plaintiff in error.

*R. J. Bacon, R. H. Ferrell,* contra.