### 6008. HOLLOWAY *v.* THE STATE.

RUSSELL, C. J. 1. Since the passage of the "practice act" of 1911 (Acts 1911, p. 150, sec. 4), "Where counsel acknowledges service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment distinctly and specifically states that it is *not* to be construed as waiving some particular defect then pointed out by him." In the present case service was acknowledged on September 23, and the writ of error was not signed until September 24, but in the entry of acknowledgment there was no reservation of any right on the part of the party acknowledging service, nor was any defect as to the service or the certification of the bill of exceptions pointed out by him. Consequently the motion to dismiss the bill of exceptions must be overruled.

2. While as a general rule the admissibility of evidence is for the court (and for that reason the use of the term "inadmissible" was inappropriate in the connection in which it was employed by the court); still in a case in which there is conflict and doubt as to whether knowledge

of an inculpatory fact was obtained by illegal seizure and search, or whether the disclosure of the fact was .legal, the trial judge may properly instruct the jury that if they believe, from the evidence, that the disclosure of the existence of the incriminatory fact was compelled without the voluntary consent of the accused, they should disregard such testimony, but that if they are satisfied, from the evidence, that the disclosure was voluntary or accidental, and not obtained without the consent of the accused, they may consider such testimony in arriving at a verdict.

3. There is nothing in the record to show that the defendant was endeavoring to escape, or that from any other cause there was likely to be a failure of justice for want of an officer to issue a warrant; and the fact that the defendant was carrying a pistol concealed was disclosed only by an unlawful assault by the officer and an invasion of the defendant's right of personal privacy, which amounted to an illegal search, and consequently the case is controlled by the ruling of this court in *Hughes* v. *State,* 2 *Ga. App.* 29 (58 S. E. 390). And since the only evidence of the defendant's guilt was obtained in violation of his constitutional privilege to be protected from criminating evidence obtained by illegal search and seizure of his person, the court erred in overruling the motion for a new trial.

> *Judgment reversed. Broyles, J., not presiding.*
> DECIDED MARCH 18, 1915.

Accusation of carrying concealed weapon; from city court of Statesboro—Judge Strange. July 2, 1914.

*J. R. Roach,* for plaintiff in error.
*F. T. Lanier, solicitor,* contra.