25992. LITTLE *v.* MOORE.

DECIDED MARCH 6, 1937. REHEARING DENIED MARCH 30, 1937.

*J. H. Blackshear,* for plaintiff in error. *E. C. Brannon,* contra.

SUTTON, J. G. H. Moore brought suit against J. W. Little on an account for $1432.72, an itemized statement of which was attached to the petition. The defendant answered, denying that the account sued on was due by him to the plaintiff, and alleged that in January, 1934, the plaintiff and himself entered into a partnership for the purchase and sale of live stock, which continued until its dissolution the latter part of May, 1935; that the items composing the account sued on were drawn by him from the partnership of Moore & Little; that an accounting between the parties should be had in the superior court; and that the present suit could not be maintained in the city court.

The evidence was to the effect that the plaintiff and the defendant went into the live stock business together in January, 1934, that the plaintiff was to furnish the money and the defendant was to do the work and devote his time to the business, and they were to share equally in the net profits; that the so-called partnership was dissolved by mutual consent and the business discontinued in the latter part of May, 1935; and that thereafter the parties conferred, and the plaintiff claimed that the defendant was due him the amount of the account sued on, as he had drawn on his funds for these different items, but he testified on cross-examination that they went over their books and records with the bookkeeper, that the amount due him by the defendant was $418.89, and that the defendant agreed to this amount. Documentary evidence was introduced, to the effect that the net profits of the business between these parties was $2028.07, one half of the same being $1014.03, which, deducted from $1432.72, the amount of the funds drawn by the defendant, left a balance or a difference of $418.69 which the defendant had overdrawn. The evidence of the bookkeeper was to the effect that the defendant owed the plaintiff this amount. This was denied by the testimony of the defendant, who claimed that the bookkeeper said that the amount due the

plaintiff by the defendant was $285.57, but the defendant did not agree that he was indebted in that amount.

The jury returned a verdict in favor of the plaintiff for $1432.72. The defendant made a motion for new trial, which was amended by amplifying the general grounds. At the hearing of the motion, the plaintiff voluntarily wrote $1013.83 off of the verdict and judgment, which reduced the amount of the recovery to $418.89. This was approved by the judge, who then overruled the motion for new trial. The plaintiff excepted. It appears from the record that this case was brought and proceeded on the theory that the alleged partnership had been dissolved, and the business and affairs between the parties had been so adjusted and settled, that the amount claimed to be due the plaintiff by the defendant had been reached, and could be ascertained by the court.

The general rule is that an action at law will not lie in favor of one partner against another partner, on a demand growing out of a partnership transaction, until there has been a settlement and a balance struck. But there are exceptions to this rule. As was said in *Miller* v. *Freeman,* 111 *Ga.* 654 (36 S. E. 961, 51 L. R. A. 504), "After the partnership is practically at an end, whether it be a single venture or otherwise, the rule [referring to the general rule just mentioned] can not apply, for the parties are no longer partners." One partner may sue another partner at law, if "the affairs of the partnership have been so settled that the jury can ascertain what would be justly due as the balance owing by one partner to the other under a settlement made, and in order to complete the settlement." "The real test is not solely whether the action can be tried without going into the partnership accounts, but whether the defendant has bound himself personally to the plaintiff." *Paulk* v. *Creech,* 8 *Ga. App.* 738, 742 (70 S. E. 145). The partnership or business venture between the parties in the case at bar had been dissolved, and, under the evidence, the business and affairs thereof had been so adjusted that the court could determine the amount of the indebtedness of the defendant to the plaintiff. See *Benton* v. *Hunter,* 119 *Ga.* 381, 384 (46 S. E. 414). "In this State, one partner may sue another at law; and if he is able to show the affairs of the concern so settled as the jury can ascertain what is justly due him, he may recover." *Pool* v. *Perdue,* 44 *Ga.* 454. Under the evidence a verdict in

favor of the plaintiff was authorized for the amount to which it was voluntarily written down by the plaintiff... The judge approved this verdict, and there is no valid reason shown why it should be disturbed.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*