29970. WHITE *v.* THE STATE.

DECIDED FEBRUARY 8, 1943.

810

*W. E. Watkins, Benjamin B. Garland,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

GARDNER, J. 1. The motion for new trial consists of the usual general grounds and four special grounds. We have set forth the

evidence and a portion of the record somewhat at length and in detail because of the nature of the assignments contained in the special grounds which we will discuss more fully in the course of the opinion. Aside from the issues raised by the special grounds, the evidence, which is substantially set forth hereinbefore, was sufficient to sustain the verdict.

2. Ground 1 of the amended motion assigns error because the court refused to exclude the testimony of Irvin for the reason that the testimony of the witnesses to the effect that the defendant was forced to place his foot in the track showed that he had been compelled to criminate himself in violation of the constitutional guarantee of defendant. It must be conceded by all that the testimony of the witnesses on this issue was vague, evasive, conflicting and unsatisfactory, and had counsel for defendant objected to such testimony at the time it was given by the witness, no doubt the learned trial judge would have then and there settled the question in accordance with the provisions of the law applicable. But no objection to such testimony was registered at the time. After the offering of proof by both sides had ended, counsel made the motion to exclude the testimony. There then arose a disagreement as to what the witness had testified on this point, whereupon the court, without objection from either side, recalled the witness. What he then testified is set forth in the colloquy. It was not definitely then determined that the testimony of the witness previously given conflicted with his testimony given on the recall. The judge, in passing on the motion, very clearly and fully then and there instructed the jury correctly as to the rule of law which should guide them in considering the testimony of this witness. It must be conceded without controversy that if the defendant was compelled by force to put his foot in the track for comparison his constitutional right was invaded. But the whole testimony of the witness made this question doubtful, and we think the court by authority or precedent submitted the question to the jury for determination.

This court held in *Holloway* v. *State*, 16 *Ga. App.* 143 (84 S. E. 590), as follows: "While as a general rule the admissibility of evidence is for the court (and for that reason the use of the term 'inadmissible' was inappropriate in the connection in which it was employed by the court), still in a case in which there is conflict and doubt as to whether knowledge of an inculpatory fact was

obtained by illegal seizure and search, or whether the disclosure of the fact was legal, the trial judge may properly instruct the jury that if they believe, from the evidence, that the disclosure of the existence of the incriminatory fact was compelled without the voluntary consent of the accused, they should disregard such testimony, but that if they are satisfied, from the evidence, that the disclosure was voluntary or accidental, and not obtained without the consent of the accused, they may consider such testimony in arriving at a verdict." Moreover, after a very careful consideration of the evidence in this case we are convinced that the other evidence, aside from that involved in this particular controversy, was sufficient to sustain the verdict. The court did not err, under the facts of this record, in overruling this ground of the motion.

Grounds 2 and 3 assign error because the court failed to charge more fully on the question of the alleged illegal evidence, and because the court omitted to charge sufficiently the provisions of the constitution relative to a person being forced to give testimony against himself. When we take into consideration the statement of the court, at the time the motion to exclude this testimony was overruled, and the entire charge of the court, there is no merit in this contention.

Ground 4 assigns error on the following excerpt from the charge: "It is your duty to take the evidence of the witnesses and the facts and circumstances of the case and the defendant's statement, and apply them to the accusation as made in the indictment charging the crime for which he stands trial and find your verdict therefrom and let your verdict be the truth." It is argued that this excerpt was erroneous when applied to the facts of this case. This assignment of error is based on the contention that the judge should have charged in substance that the jury were the judges of the law and the facts; that the facts they get from the witnesses and the defendant's statement, and the law they get from the court; that they should apply the facts thus ascertained to the law as given in charge by the court and make up their findings. This court and the Supreme Court have many times held that without a written request it is not error for the court to fail to charge this principle. *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901); *Pope* v. *State,* 28 *Ga. App.* 568 (4) (112 S. E. 169); *Brantley* v. *State,* 154 *Ga.* 80 (6) (113 S. E. 200). A case more nearly in point to the ques-

tion here presented is *Webb* v. *State*, 8 *Ga. App.* 430 (69 S. E. 601): "Where the court instructs the jury that they are judges of the facts, they need not be instructed in the same connection that they are also judges of the law, if in the general charge as a whole they are correctly instructed as to the law." In the instant case the court correctly instructed the jury as to the law applicable to the facts. We find no merit in the assignment of error in this ground.

The court did not err in overruling the motion for new trial for any reason assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*