CARROLL *v.* THE STATE.

ATKINSON, Justice. 1. The evidence was sufficient to authorize the verdict.

2. Upon a trial for murder, where the defense relied upon is that of misfortune or accident, and the court charges this law as defined .in the Code, § 26-404, and also charges fully upon the law of reasonable doubt, it is not error to fail to charge specifically that, if the jury have a reasonable doubt as to whether the homicide was voluntary or accidental, they should acquit. *Woods* v. *State,* 137 *Ga.* 85 (72 S. E. 908).

3. Where the court charges the law of misfortune or accident as stated in the Code, § 26-404, and then defines an accident, followed by the statement, "To absolve one from guilt of crime, it must not only appear that there was no evil design, but there was no culpable neglect," such portion of the charge is not error.

(*a*) Nor was it error for the court to fail to charge, in addition to the excerpt just above quoted, to the effect that the defendant could not be found guilty of a homicide, where it appeared to have occurred by misfortune or accident, or where the jury had a reasonable doubt, unless it should first appear that there was an evil design or intention or culpable neglect. Such a charge would have been contradictory.

*Judgment affirmed. All the Justices concur.*

No. 15378. FEBRUARY 19, 1946.

M. G. *Hicks*, for plaintiff in error.

*Eugene Cook, Attorney-General, Henderson L. Lanham, Solicitor-General, Daniel Duke, Assistant Attorney-General,* and *Chastine Parker,* contra.