## 31715.  BROSNAN v. LONG.

838

DECIDED OCTOBER 24, 1947.

*James W. Smith, H. G. Rawls,* for plaintiff in error.

*S. B. Lippitt,* contra.

PARKER, J.  Special ground one of the amended motion for new trial complains of the charge of the court respecting the check for $10,000 given by the defendant to the plaintiff on which payment was stopped. The court charged the Code, § 14-301, that

every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, etc. While this charge was inapt and inappropriate in that the first count of the suit based solely on the check had been abandoned by the plaintiff, we do not think the charge was reversible error because allegations respecting the check were contained in the second count, and were not demurred to by the defendant, and both the plaintiff and the defendant testified at some length respecting the check. A charge that the giving of the check by the defendant to the plaintiff might be considered by the jury as an admission of liability to that extent would have been more appropriate.

■ Grounds two and three complain of the charge respecting the duty on one partner, who keeps the books and records of the partnership, of showing their accuracy, and that the burden was on the defendant to show payment, setoff, or other legal defense, was not error for any reason assigned. The pleadings and the evidence showed that the defendant was in possession of the farm, that he kept the books and records, and that he admitted the receipt of the gross amount of money charged to him by the plaintiff, from the sale of the farm and the equipment and cattle thereon, and the burden was on him of proving a proper disposition of the assets that came into his hands as a member of the partnership in charge of its business and assets. The burden was on the plaintiff in the first instance to make out a prima facie case, but "what amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court." Code, § 38-104.

■ Ground four complains of the charge of the Code, § 38-119, to wit: "Presumption arising from failure to produce evidence— Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well-founded; but this presumption may be rebutted." We think this charge was error. It does not appear from the record that the defendant had evidence "in his power and within his reach," by which he could repel the claim against him, or that he had "more certain and satisfactory evidence in his power," and that he relied on evi-

dence "of a weaker and inferior nature," so as to cause a presumption to arise that the claim against him was well-founded. The defendant had a bookkeeper and some auditors or accountants who were not sworn as witnesses, but the plaintiff's evidence showed that the bookkeeper told the plaintiff's auditor "that he did not keep the records and knew very little about them." The plaintiff also showed that the auditors or accountants of the defendant could give no assistance in the making of the audit other than furnishing copies of income-tax returns for 1944 and 1945. The fact that six bank statements were missing from the defendant's records, and certain deposit slips and checks, and that his books were poorly kept and may not have been complete or accurate, did not authorize a conclusion that he was holding back evidence within his power to produce, or that he had evidence more certain and satisfactory which he withheld from the jury. This conclusion is strengthened by the testimony of the auditor for the plaintiff that the defendant readily gave him all of the records he had so that a complete audit could be made. We do not think that the evidence justified the inference that the defendant was suppressing evidence so as to make the charge given by the court applicable to him and his testimony. The law does not require a party to produce evidence which is merely fuller and more definite in character. What the law penalizes, by authorizing a presumption against a party, is the holding back or suppression of better evidence within his power to produce. Furthermore, the bookkeeper and the auditors used by the defendant were as accessible to the plaintiff as they were to the defendant; and the plaintiff knew during the trial of their relationship to the defendant. See *Schnell* v. *Toomer,* 56 *Ga.* 168, *Central of Georgia Ry. Co.* v. *Bernstein,* 113 *Ga.* 175 (38 S. E. 394), *Brothers* v. *Horne,* 140 *Ga.* 617 (79 S. E. 468), *Shields* v. *Georgia Ry. & Electric Co.,* 1 *Ga. App.* 172 (57 S. E. 980), and *Bank of Emanuel* v. *Smith,* 32 *Ga. App.* 606 (124 S. E. 114).

■ Ground five alleges error in the following charge: "You will notice in the plaintiff's petition, gentlemen of the jury, that she is seeking to recover a certain amount from this defendant, Dan J. Brosnan; and that the defendant, on the other hand, contends that he is not indebted to the plaintiff in the amount sought to be recovered but that he is only indebted to the plaintiff in the sum of $6735.39, therefore, it becomes the duty of this jury to

determine whether or not this defendant is indebted to the plaintiff in the sum sought to be recovered by her, or whether or not the plaintiff should recover only the amount of $6735.39. It is admitted by the defendant, in his answer, that he is due the plaintiff this sum of $6735.39, therefore, it becomes your duty to bring in a verdict for at least the amount admitted by the defendant, in his answer, to be due, namely, $6735.39. The plaintiff, of course, on the other hand seeks to recover the sum of $13,747.38, therefore, it is incumbent upon you to determine what amount is due this plaintiff by a preponderance of the evidence in the case." We think the exception to this charge is well-taken. The statement near the middle of the excerpt that, "It becomes the duty of this jury to determine whether or not this defendant is indebted to the plaintiff in the sum sought to be recovered by her, or whether or not the plaintiff should recover only the amount of $6735.39," is the real vice in the charge. Although the court instructed the jury that it was incumbent upon them to determine "what amount" is due the plaintiff, this did not in our opinion cure the error pointed out. The court used two sums or sets of figures, and two sums or figures only, the amount claimed by the plaintiff and the amount admitted by the defendant, and presented these sums and figures in such a way as to probably cause the jury to get the impression that a verdict for the plaintiff in one or the other of these two amounts was necessary and proper. It seems to us that this charge excluded from the consideration of the jury any other amount as a verdict in the case. The charge as a whole did not cure the error because the excerpt complained of contains all of the charge dealing with the amount that might be recovered by the plaintiff. The evidence for the plaintiff tended to show that she was entitled to the amount she claimed; the evidence for the defendant under his contentions tended to show that he only owed the amount he admitted, but there was a conflict in the evidence as to several of the items involved in the accounting and a verdict for some amount in between the two amounts referred to in the charge could have been found by the jury. For these reasons it is our conclusion that the charge was erroneous and may have been harmful and prejudicial to the defendant since the jury found a verdict for exactly the amount claimed by the plaintiff. It is well-settled that a charge not authorized by the evidence and which is

calculated to mislead and confuse the jury requires a new trial. This proposition requires no citation of authority.

■ Grounds six and seven allege that the charge as a whole was error in that it was argumentative in favor of the plaintiff's contentions, and failed to charge with equal fullness the defendant's contentions, and did not present the law with respect to the legal principles involved in behalf of the defendant. We think the charge is subject to this criticism. After reading the pleadings of the plaintiff and the defendant in full, the court charged respecting the check that every negotiable instrument is deemed to have been issued for a valuable consideration, as discussed in the first division of this opinion; and charged respecting the duty of a partner keeping the books and records of a partnership to establish their accuracy as dealt with in the second division; and charged on the presumption arising from a failure to produce evidence, as dealt with in the third division; and then charged with respect to the two amounts involved, the amount claimed by the plaintiff and the amount admitted by the defendant, as considered and dealt with in the fourth division, supra, all of which charges related to contentions of the plaintiff, and to principles of law applicable thereto. The general charge contains nothing more except that the jurors are the sole judges of the facts and should decide the case on the preponderance of the evidence. The court did not charge that the burden of proof was on the plaintiff in the first instance, and did not expressly give the jury any form of verdict to return if they found in favor of the defendant's contentions, and did not charge any rules of law to the effect that a member of a partnership might be a creditor of the partnership, and as such creditor entitled to reimbursement for advances or loans made by him to the partnership, so as to present the law applicable to the defendant's contentions. Considering the charge as a whole, we think it may be said that it did not present the essential law of the case from the defendant's standpoint, and did not present vital, substantial and controlling issues, or the main issue and defense made by the defendant, all of which should have been charged whether requested or not. See *Louisville & Wadley R. Co.* v. *Hall*, 106 *Ga.* 786 (2) (32 S. E. 860), *Southern Cotton Oil Co.* v. *Caleb*, 143 *Ga.* 585 (85 S. E. 707)`, *Richmond Hosiery Mills* v. *Hayes*, 146 *Ga.* 240 (91 S. E. 54), *Duggan* v. *State*, 3 *Ga. App.* 332 (59 S. E. 846)`,

and *McLendon* v. *Slate,* 14 *Ga. App.* 737 (4) (82 S. E. 317).

6. The contention of the defendant that the City Court of Albany was without jurisdiction of this case because it is an action for an accounting by one partner against another is not meritorious. The petition alleged that the partnership had been dissolved by the death of one of the partners, and by the extinction of the business for which it was formed, and alleged facts sufficient to show that the affairs of the partnership had been so adjusted and settled that the jury could ascertain what amount would be justly due by one partner to another, in an action at law brought in a court having no equity jurisdiction. We think this holding is clearly correct under the rulings in the following cases: *Lokey* v. *Malcom,* 53 *Ga. App.* 434 (186 S. E. 448), *Little* v. *Moore,* 55 *Ga. App.* 570 (190 S. E. 811), *Bass* v. *Cates,* 74 *Ga. App.* 363, 367 (39 S. E. 2d, 550), and *Manry* v. *Hendricks,* 192 *Ga.* 319 (15 S. E. 2d, 434).

7. We make no ruling on the general grounds of the motion for new trial.

*Judgment reversed. Felton, J., concurs. Sutton, C. J., concurs in the judgment of reversal, but does not agree to the rulings in divisions four and five of the opinion.*