31827.   STRICKLAND *v.* ARNALL, Governor.

MACINTYRE, P. J.   1.   Counsel for the defendant in error suggested in his brief that this court is without jurisdiction in the instant case because the bill of exceptions was not tendered within the time prescribed by law.

2.   " 'It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.' " *Tillman* v. *Groover*, 25 *Ga. App.* 118 (102 S. E. 879).

3.   The act of 1946 (Ga. L. 1946, pp. 726, 734, sec. 6), provides:   "That section 6-902 of the Code of 1933, which is:   .   .   be repealed and that there be adopted and prescribed in lieu thereof the following: 'Bills of exceptions shall be tendered to the judge who presided in the cause within 20 days from the date of the decision complained of. This provision as to time shall apply to bills of exceptions in all classes of cases and shall so apply irrespective of whether or not the term at which the decision was rendered had adjourned, and irrespective of whether the decision complained of was rendered in vacation or at chambers or during a term of court, except that nothing herein contained shall change any provision of section 27-1201 of the Code of 1933 providing the time within which direct bills of exceptions must be taken to denials of motions for change of venue.' "

4   Thus, where the trial judge sustained a demurrer to and dismissed the counter-affidavit of the defendant on September 3, 1947, and the defendant did not tender his bill of exceptions until September 26, 1947, the writ of error must be dismissed.

                    *Writ of error dismissed.   Gardner and Townsend, JJ., concur.*

                         DECIDED JANUARY 14, 1948.

*Duke Davis*, for plaintiff.
*P. T. Hipp, Solicitor,* for defendant.