## 32038. BUSH *v.* SMITH.

DECIDED JUNE 18, 1948.

*C. A. Cunningham, V. Eugene Morgan,* for plaintiff.

*Carlton Mobley,* for defendant.

PARKER, J. This was a trover suit brought by Gordon Bush against Robert E. Smith, in the Municipal Court of the City of Macon, for an automobile. Upon the conclusion of the evidence the court granted the motion of the defendant for a nonsuit, and the plaintiff excepts to that ruling.

While no motion to dismiss the writ of error is made, counsel for the defendant argues in his brief that this court is without jurisdiction because there was no service of the bill of exceptions upon the defendant or his counsel. The question is also argued by counsel for the plaintiff and will be considered. "It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857); *Tillman* v. *Groover,* 25 *Ga. App.* 118 (102 S. E. 879); *Strickland* v. *Arnall,* 76 *Ga. App.* 389 (46 S. E. 2d, 144). On March 23, 1948, counsel for the defendant made this acknowledgment on the bill of exceptions: "Due and legal service of the within bill of exceptions is hereby acknowledged, and copy received, and all other and further notice or service is hereby waived." The bill

of exceptions was tendered to the trial judge on that date but not certified until two days later, on March 25, 1948. "Where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing shall be done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him." Code, § 6-912. This section is a codification of the Practice Act of 1911 (Ga. L. 1911, p. 150, sec. 4). While there may be some confusion in some minds on account of rulings of this court and of the Supreme Court to the effect that service of a bill of exceptions before it is certified by a judge is no service (*Duke* v. *Sims*, 70 *Ga. App.* 318, 28 S. E. 2d, 174), those rulings are not in conflict with the Practice Act of 1911. Counsel for a party may acknowledge service and waive all defects in the service of a bill of exceptions before it is certified by the trial judge, but unless such acknowledgment and waiver are made the bill of exceptions must be served after it has been certified by the judge and in the manner provided by law. In other words, counsel may voluntarily make an acknowledgment and waiver on a bill of exceptions before it is certified, as was done by counsel for the defendant in this case, and where this is done it is not necessary to make further service after the certification of the bill of exceptions. This is the construction placed upon the act of 1911 by this court in *Holloway* v. *State*, 16 *Ga. App.* 143 (84 S. E. 590), and in *Anthony* v. *Consolidated Film &c. Co.*, 18 *Ga. App.* 411 (89 S. E. 428). It is clear to us that counsel's acknowledgment of service on the bill of exceptions, and his waiver of further notice or service, were sufficient, and this court has jurisdiction of the case.

■ This case turns on whether the evidence was sufficient to make out a prima facie case for the plaintiff. In a trover action the plaintiff must show title, either general or special, in himself at the time of the institution of the suit, actual possession, or right of immediate possession. *Livingston* v. *Epsten Roberts Co.*, 50 *Ga. App.* 25 (177 S. E. 79), and citations. Where title is claimed it must be the legal and not the equitable title. *Tidwell*

v. *Bush*, 59 *Ga. App.* 471 (1 S. E. 2d, 457). "If the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310.

The brief of the evidence is quite confusing but seems to establish from the plaintiff's testimony these facts: The plaintiff and the defendant entered into an oral agreement for the operation of a taxicab business as partners; they borrowed money from a bank with which to purchase and keep in repair the automobile involved which was used in that business; and the defendant was to drive the car and turn over to the plaintiff his part of the proceeds after deducting certain expenses agreed upon. The plaintiff testified further that he was half interested in the car; that it was more or less understood that the defendant would keep it as he was going to drive it; that he understood they were buying the car, and he acquired a one-half interest in it the date of the first loan from the bank; that they together paid the mony back to the bank, the defendant paying the larger portion of the money because he was operating the cab; that it was their car and if the defendant failed to pay the notes he was to turn the car over to the plaintiff; that the plaintiff did not claim more than a half interest in the car; that the defendant came to him and said the car was wrecked, whereupon he told the defendant to bring it into the shop operated by the plaintiff where they could see about getting it fixed; that he demanded the car and the defendant did not bring it to the shop to be repaired; and that he thought he was entitled to possession of the car anytime he would ask for it. The evidence does not show just how much either of the parties had paid on the notes for more than $800 given to the bank for the money with which to buy and repair the car, but the plaintiff admitted he was suing for only $225 although the defendant owed more than that amount. It appears also that the legal title to the car was still in the bank under the bill of sale made to it securing the loans to the parties.

We do not think the evidence made a prima facie case in the plaintiff. He did not show title or the right of possession to the car, and he admitted that he had only a one-half interest

332

therein. The only demand made upon the defendant, if it be assumed that the plaintiff showed title, was that the car be brought in for repairs, and we do not think this was sufficient. Where the defendant went into possession of the property by agreement of the parties, and no sufficient demand upon him for the car was proved, no conversion was shown. *Shore* v. *Brown*, 19 *Ga. App.* 476 (91 S. E. 909). Furthermore, since the parties were partners each of them was equally entitled to the possession of the car as an asset of the partnership. Code, § 75-202. An additional reason appears why the plaintiff could not recover in this action. Trover is not an available remedy to the plaintiff to settle matters in dispute between himself and a copartner, where no accounting or settlement of the partnership had been had, and a balance struck between the partners. *Cox* v. *Manning*, 13 *Ga. App.* 518 (79 S. E. 484); *Little* v. *Moore*, 55 *Ga. App.* 570 (190 S. E. 811); *Bass* v. *Cates*, 74 *Ga. App.* 363 (39 S. E. 2d, 550).

The court did not err in granting the nonsuit.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*