32286. SOUTHEASTERN AIR SERVICE INCORPORATED
*v.* SUPREME FOODS COMPANY.

Decided February 11, 1949. Rehearing denied February 26, 1949.

Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins, for plaintiff.

Candler, Cox & McClain, for defendant.

PARKER, J. Southeastern Air Service Inc. obtained a judgment in the Civil Court of Fulton County against Supreme Foods Company for $1934.13. The defendant made in regular course a motion for new trial, which was heard on September 29, 1948, and a new trial was granted to the defendant in an order signed by the trial judge on that date, reading as follows: "The within motion for new trial is granted." After more than 15 days from the date of that ruling and order, and on October 19, 1948, the judge entered another order in the case as follows: "Now, within the time provided by law, the court on its own motion amends the previous judgment passed on September 29, 1948. After the amendment the order and judgment to read as follows: The within motion for new trial is granted on grounds 4, 5, 6, and 8 as contended by the amended motion for new trial."

The bill of exceptions sued out by the plaintiff recites that it is "assigning error on the order of the court dated September 29, 1948, as amended by the subsequent order of the court dated October 19, 1948, whereby a motion for a new trial was granted to the defendant." The bill of exceptions was presented to the trial judge on October 19, 1948.

This court will take notice of its own lack of jurisdiction, *Stepp v. North Georgia Feed & Fertilizer Co.*, 78 *Ga. App.* 240 (50 S. E. 2d, 377), and if it appears from the record that this court is without jurisdiction of a writ of error, it is our duty to dismiss the writ of error. *Strickland v. Arnall*, 76 *Ga. App.* 389 (46 S. E. 2d, 144). The time for presenting a bill of exceptions to the judge of the trial division of the Civil Court of Fulton County in a case involving more than $300 is 15 days from the date of the ruling complained of; and this court has no jurisdiction to entertain a writ of error when the bill of exceptions is tendered more than 15 days after the date of the ruling. *Allen v. Hix Green Buick Co.*, 78 *Ga. App.* 34 (50 S. E. 2d, 167); *Harris v. Barry Finance Co.*, 78 *Ga. App.* 35 (50 S. E. 2d, 169); *Wood v.*

*Malone,* 78 *Ga. App.* 309 (50 S. E. 2d, 707) ; *Cardell* v. *Bank of Georgia,* 78 *Ga. App.* 134 (50 S. E. 2d, 876).

The order granting the motion for new trial was entered by the trial judge on September 29, 1948, and the bill of exceptions was not tendered within 15 days from that date. The additional order passed by the trial court was on October 19, 1948, after the time for appealing from the first order had expired; and it did not change the first order, but merely undertook to amend it by stating the grounds on which the first order granting the new trial was passed. The grounds on which a new trial may be granted are not a necessary part of an order granting a new trial, and it is immaterial upon what grounds the court may grant a motion for new trial so far as the right of appeal is concerned, and the time within which a bill of exceptions must be presented.

Since the bill of exceptions was not tendered within the time required by law this court is without jurisdiction and the writ of error is

*Dismissed. Sutton, C. J., and Felton, J., concur.*