## 36213. SAYLOR *v.* THE STATE.

DECIDED MAY 16, 1956.

*Phillips, Johnson & Williams,* for plaintiff in error.

*Paul Webb, Solicitor-General, Jephtha C. Tanksley, Charlie O. Murphy,* contra.

TOWNSEND, J.  ■  Special ground 1 of the amended motion for a new trial assigns error on the following charge of the court: "Under our law everyone has a right to defend himself. The standard of the law is the fear of a reasonable man. Therefore, if one should shoot another with a pistol under circumstances which would justify a reasonable man in believing that a felonious assault was being or about to be committed upon his person, and that the defendant acted under the influence of those fears and not in a spirit of revenge, he would be justified under the law, and it would be the duty of the jury to acquit." The objections are that such charge led the jury to believe an issue was involved as to the defendant admitting he intentionally shot his victim; that it was not authorized under the evidence and was a defense not urged by the defendant, and tended to deprecate the defendant's only contention, i.e., that the shot was fired by accident. These objections are without merit. There was certainly an issue as to whether the shot was intentionally fired, and the charge was not given as a contention of the defendant, but as law relevant to the evidence in the case. The defendant's statement is replete with his fears that the victim, Jackson, was searching for a weapon with which to attack him, and his fear that, if Jackson got hold of his pistol, he would do so. Whether or not such fears were reasonable, the charge that, if he shot under the fears of a reasonable man, he should be acquitted, was favorable to him and therefore not cause for complaint. *Gaskins* v. *State,* 12 *Ga. App.* 97 (5) (76 S. E. 777). If the jury had found that the defendant acted under the fears of a reasonable man, they would, under this charge, have acquitted him of any offence. If they found the fear under which he acted to be unreasonable, they were yet authorized to find that his actions in coming to the bank

armed, and grappling for control of the pistol, precluded the idea of malice, and accordingly this would result in acquitting the defendant of assault with intent to murder, one of the essential elements of the crime of murder, malice, being lacking, and in convicting him of shooting at another because, had death resulted under such circumstances, the crime would have been manslaughter. Thus, in either event, the defendant was not harmed.

■ Special ground 2 assigns error on the court's charge of Code § 26-404, as follows: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect," on the ground that, if the defendant shot while struggling for the pistol in self-defense only, he was not required to exercise any degree of care whatever in his own defense, and should not be limited to showing an absence of culpable neglect, citing *Curry* v. *State*, 148 *Ga.* 559 (97 S. E. 529). This case means only, as stated in *Turner* v. *State*, 209 *Ga.* 532 (3) (74 S. E. 2d 459), that, "where a person, acting in self-defense, intentionally shoots at another, the defense of accidental killing is not involved." Where the defense of accident and misfortune is involved, it is not error to give this principle of law in terms of this Code section. *Roberts* v. *State*, 138 *Ga.* 815 (2) (76 S. E. 361); *Carroll* v. *State*, 200 *Ga.* 314 (3) (37 S. E. 2d 203). This ground is without merit.

■ The charge on self-defense under the fears of a reasonable man, as set out in the first division of this opinion, is complained of in special ground 3 of the amended motion for a new trial on the further ground that self-defense is a material issue in this case, and the charge was erroneous in restricting the movant's defense to the circumstances of justification provided by Code § 26-1012, and movant was deprived of the benefit of the defense of justification provided in Code § 26-1011. This ground is insufficient for consideration by this court. "It is not a good assignment of error on a portion of the judge's charge, which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Lumpkin* v. *State*, 152 *Ga.* 229 (3) (109 S. E. 664).

■ It is pointed out in division 1 hereof that the offense of shooting at another may be committed by a defendant who is

acting under fears, although they are not the fears of a reasonable man as defined in Code § 26-1012, and that an unreasonable or delusory fear, while not that of a reasonable man and therefore not sufficient to constitute justification, may negative the idea of malicious and intentional wrongdoing. The effect of such finding on the part of the jury would be acquittal of the charge of assault with intent to murder, since the element of malicious intent to kill would not be present. As stated in *Fallon* v. *State,* 5 *Ga. App.* 659 (1) (63 S. E. 806): "A person is guilty of the statutory offense of shooting at another when he, without justification, shoots at another, without the intention of committing murder; and this lack of intention to commit murder may exist from the fact that he shot without any specific intent to kill, or from the fact that if death had ensued from the wound, the homicide, under the circumstances surrounding it, would not have been murder, but would have been manslaughter in one of its grades. (*a*) If death ensued from a wound inflicted by a deadly weapon used in a deadly manner, the law presumes that the person killing was possessed of a specific intention to kill; but if death does not ensue, there is no such presumption. (*b*) If it appears that the defendant maliciously shot the prosecutor, it is ordinarily a question for the jury whether he is guilty of assault with intent to murder, in that he intended to kill, or guilty of the statutory offense of shooting at another, in that he intended to inflict a lesser injury." So far as the offense of shooting at another is concerned, one may be guilty whether there is a specific intent to kill or not. *Pate* v. *State,* 87 *Ga. App.* 422, 423 (74 S. E. 2d 138); *Hart* v. *State,* 55 *Ga. App.* 85 (189 S. E. 547). If the specific intent to kill is present, then, of course, it must be in such combination with the elements of manslaughter that this offense, rather than murder, would have been the crime had the victim died. "While a conviction of the offense of shooting at another is not legal where the evidence as a whole shows that the defendant deliberately shot the prosecutor, either maliciously or else justifiably, yet this is not true where, under any phase of the evidence, a shooting unlawful but not malicious can be inferred." *Chester* v. *State,* 3 *Ga. App.* 332 (59 S. E. 843). *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286), and *Tyre* v. *State,* 112 *Ga.* 224 (37 S. E. 374), holding that, where under any view of the evi-

dence a conclusion is demanded either that the defendant intended to murder his victim or that he was completely innocent, the conviction of shooting at another on an indictment charging assault with intent to murder must be set aside, are not in point. In each of these cases the State made out a case for attempted murder and the defendant pleaded alibi. Here the defendant admitted the shooting and attempted to put another explanation upon it than that urged by the State. The jury was at liberty to believe certain parts only of the defendant's statement and to combine those parts with certain parts only in the evidence. *Goldsmith* v. *State*, 54 *Ga. App.* 268, 270 (187 S. E. 694); *White* v. *State*, 27 *Ga. App.* 194 (107 S. E. 890). By believing all of the State's evidence, and so much of that part of the defendant's statement as did not conflict therewith, plus other parts of the statement, to the effect that he did not go to the bank with the intention of killing Jackson or anyone, and that after he arrived he became obsessed with the fear that Jackson was about to kill him, the jury would have found the essential ingredients of murderous intent lacking and would properly have returned a verdict of shooting at another. This is true even though during the actual affray, and after the single shot had been fired, the defendant cried out, "I am going to kill you," as such a statement, made in the heat of physical combat, did not necessarily show a prior murderous intent but only the passion engendered by mutual combat. The evidence was accordingly sufficient to support the verdict.

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

908

912

## CORRECTIONS.

Page 123, line 27 from top: change "92 *Ga. App.* 1" to "93 *Ga. App.* 1."

Page 253, line 2 from top: change "brought against" to "involving."

Page 331, line 26 from top: change "plaintiff" to "defendant."

Page 430, line 3 from top: change "Blackmon" to "Blackburn."

Page 472, line 18 from top: change "defendant" to "plaintiff."

Page 487, line 35 from top: add "J. Benton Evans" as counsel for the State.

Page 671, line 18 from top: insert "they" between "express" and "are."