37375. SASSER v. CITY OF BUCHANAN.

CARLISLE, Judge. "Within 15 days from the date of the certificate of the judge the bill of exceptions shall be filed in the office of the clerk of the court where the case was tried; . . ." Code (Ann.) § 6-1001. Failure to file within the requisite time is jurisdictional (*Reserve Life Ins. Co. v. Loyd*, 94 *Ga. App.* 462, 95 S. E. 2d 383), and this court, where the entry of filing affirmatively shows that the bill of exceptions was not filed within time, will inquire into its jurisdiction even without a motion to dismiss. *Welborne v. State*, 114 *Ga.* 793, 796 (40 S. E. 857); *Tillman v. Groover*, 25 *Ga. App.* 118 (102 S. E. 879); *Floyd v. Massachusetts Mills in Georgia*, 25 *Ga. App.* 519 (103 S. E. 801). Accordingly, where the certificate of the trial court to the bill of exceptions was dated August 1, 1958, and the entry of filing by the clerk of the court entered on the back of the bill of exceptions was dated August 20, 1958, the bill of exceptions affirmatively shows that it was not filed until 19 days after it was certified, which was not within the requisite time, and the writ of error must be dismissed.

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 14, 1958—REHEARING DENIED
NOVEMBER 26, 1958.

*Robert A. Edwards,* for plaintiff in error.
*Howe & Murphy, D. B. Howe, Harold L. Murphy,* contra.

ON MOTION FOR REHEARING.

Counsel for the plaintiff in error in a motion for rehearing alleges that the bill of exceptions and writ of error were handed to the clerk on August 2, 1958, with instructions that the clerk wait until the last day for filing the same to file it; that counsel for the plaintiff in error was leaving on August 3, 1958, for a 15-day tour of active duty in the United States Army as a reserve officer and that he would not be available to file the bill of exceptions at a later date. In support of the motion, counsel for the plaintiff in error has attached an affidavit of the clerk of the superior court which, in substance, supports the allegations of fact in the motion for a rehearing and which contains the following statement: "That in a discussion with counsel for plaintiff in error the date of 'August 20, 1958', for filing was erroneously arrived at in an effort to allow the clerk ample time for preparing the record, and to allow counsel for plaintiff in error time to prepare his brief after his return from summer camp; that the said bill of exceptions was in the Clerk's office of Haralson Superior Court from August 2, 1958, until it was forwarded to the Court of Appeals, and was never taken therefrom during that time."

Properly construed, this affidavit shows that counsel for the plaintiff in error instructed the clerk of the superior court to file the bill of exceptions, and agreed with him that it would be filed on August 20, 1958, which date was four days too late for filing under the provisions of the law. Conceding that under the rulings of the Supreme Court and of this court in such cases as *McDaniel v. Columbus Fertilizer Co.,* 109 *Ga.* 284 (34 S. E. 598), and *St. Paul-Mercury Indem. Co.* v. *Koppers Co.,* 95 *Ga. App.* 687 (99 S. E. 2d 275), this court would be authorized to consider the bill of exceptions as having been timely filed upon a proper showing by affidavit of the clerk of the court as to an erroneous

entry of filing, the affidavit in this case fails to show that the bill of exceptions was delivered to the clerk for the purpose of being then and there filed, but, on the contrary, shows that it was delivered to the clerk for the purpose of being thereafter filed on a specific date, which was too late. The bill of exceptions was filed on the date agreed upon, as shown by the entry of filing, and counsel for the plaintiff in error cannot now be heard to assert that it was filed on a different date.

*Motion for rehearing denied. Gardner, P. J., and Townsend, J., concur.*