## 38646.   BROOKS v. THE STATE.

CARLISLE, Judge. 1. When this case was first before this court for consideration, it appeared from the entry of filing

on the bill of exceptions that it was filed 16 days after the date of certification. Following the rule in *Sasser v. City of Buchanan,* 98 Ga. App. 707 (106 S. E. 2d 345), and like cases, this court, even though no motion to dismiss was made, had no alternative, as the record before it then stood, but to dismiss the writ of error. Thereafter, counsel for the plaintiff in error made a motion for a rehearing to which he attached an affidavit of the clerk of the court, the substance of which is to the effect that the bill of exceptions was in fact filed by counsel within time, but through inadvertence and mistake of the clerk was not marked "filed" until the date of entry shown on the original bill of exceptions. Accompanying this motion was a motion made by the clerk to amend the entry of filing on the bill of exceptions to show the correct date of filing. This latter motion was granted under the authority of *Butts County v. Pitts,* 214 Ga. 12 (102 S. E. 2d 480), and the judgment of dismissal vacated. See also *Henderson v. Willis,* 160 Ga. 638 (1) (128 S. E. 807).

2. The assignment of error in this case is on the overruling of the motion for a new trial on the general grounds and three special grounds complaining first of a portion of the charge of the court which in substance submitted to the jury that the sole issue in this case, the same being one in which the defendant was charged with the offense of bastardy, is whether the defendant had failed and refused to give the bond and security required, and, secondly, that they were not concerned with whether the defendant was the father of the child; that the jurors were only concerned with whether the defendant was legally bound over by the justice of the peace; and, finally, on the failure of the court to charge the jury that on the trial of one accused with the crime of bastardy the burden is upon the State of proving two essential things: first, that the accused is the father of the child; and second, that he refused to give the bond required of him by the committing magistrate. The charge as given was error, and the failure of the court to instruct the jury as contended requires a reversal of the verdict and judgment in this case. *Pirkle v. State,* 47 Ga. App. 796 (2) (171 S. E. 559) ; *Ferrell v. State,* 70 Ga. App. 651 (2) (29 S. E. 2d 185). The sole issues in this case were paternity and whether

the defendant failed and refused to give the bond required, and the failure of the judge to properly instruct the jury as to these vital issues was harmful and prejudicial to the defendant. *Southern Cotton Oil Co. v. Caleb,* 143 Ga. 585 (1) (85 S. E. 707); *Duggan v. State,* 3 Ga. App. 332 (59 S. E. 846); *McLendon v. State,* 14 Ga. App. 737 (4) (82 S. E. 317); *Brosnan v. Long,* 75 Ga. App. 837 (5), 843 (44 S. E. 2d 809); *Atlantic Coast Line R. Co. v. Green,* 98 Ga. App. 704, 706 (106 S. E. 2d 814). Since the evidence is not likely to be the same on another trial, the general grounds are not passed upon.

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 3, 1961.

*James E. Weldon,* for plaintiff in error.
*Wilson P. Darden, Solicitor,* contra.