39016. PERRY v. THE STATE.

DECIDED SEPTEMBER 15, 1961.

384

*Phillip Sheffield,* for plaintiff in error.

*Joe M. Ray, Solicitor-General,* contra.

JORDAN, Judge. As stated in *Fallon v. State,* 5 Ga. App. 659 (1) (63 SE 806): "A person is guilty of the statutory offense of shooting at another when he, without justification, shoots at another, without the intention of committing murder; and this lack of intention to commit murder may exist from the fact that he shot without any specific intent to kill, or from the fact that if death had ensued from the wound, the homicide, under circumstances surrounding it, would not have been murder, but would have been manslaughter in one of its grades. (a) If death ensues from a wound inflicted by a deadly weapon used in a deadly manner, the law presumes that the person killing was possessed of a specific intention to kill; but if death does not ensue, there is no such presumption. (b) If it appears that the defendant maliciously shot the prosecutor, it is ordinarily a question for the jury whether he is guilty of assault with intent to murder, in that he intended to kill, or guilty of the statutory offense of shooting at another, in that he intended to inflict a lesser injury."

"The offense of shooting at another may be committed by a defendant who is acting under fears, although they are not the fears of a reasonable man as defined in *Code* § 26-1012, and that an unreasonable or delusory fear, while not that of a reasonable man and therefore not sufficient to constitute justification, may negative the idea of malicious and intentional wrongdoing. The effect of such finding on the part of a jury would be acquittal of the charge of assault with intent to murder, since the element of

malicious intent to kill would not be present." *Saylor v. State,*
93 Ga. App. 895, 898 (93 SE2d 196). "While a conviction of
the offense of shooting at another is not legal where the evidence
as a whole shows that the defendant deliberately shot the pros-
ecutor, either maliciously or else justifiably, yet this is not true
where, under any phase of the evidence, a shooting unlawful but
not malicious can be inferred." *Chester v. State,* 3 Ga. App.
332 (59 SE 843).

Under the defendant's statement and the evidence adduced in
his behalf, the jury was clearly authorized to find that the
defendant shot Tommy Styles without justification and without
the intention of committing murder. Accordingly, the verdict
is amply supported by the evidence, and the trial judge did not
err in denying the motion for new trial on the general grounds.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*