## 52404. TILLEM v. PETZELT.

QUILLIAN, Judge.

The plaintiff sought recovery of $1,849.12 alleging that the defendant was indebted for such sum for money paid by the plaintiff on the defendant's behalf to a third party pursuant to the defendant's obligation for car rental.

The defendant was an employee of a company of which the plaintiff was vice president. Plaintiff contended he signed an automobile lease as a guaranty for the defendant; that there was an oral contract between the parties that the defendant would make the monthly rental payments and would be responsible therefor. The defendant made 17 payments on the 2 year lease but then stopped, leaving due 7 payments of $264.16 cash, totaling $1,849.12. As a result of the defendant's default, the plaintiff was required to pay $1,849.12 and sought recovery against the defendant pursuant to their oral agreement and by operation of law.

The jury returned a verdict for the defendant, plaintiff's motion for new trial was overruled and appeal was taken to this court. *Held:*

1. Error is assigned to the trial judge's charging the jury as to the element of damages and the alternatives as to the verdict. In short, the trial judge instructed the jury to "either find for the plaintiff in the full amount sued for or for no amount whatsoever."

There was evidence in the case that the plaintiff had the opportunity to mitigate the damages he suffered. Accordingly, prior to the above complained of charge the jury was instructed with regard to Code § 20-1410 that: "Where by a breach of contract one is injured, he is bound to lessen his damages as far as is practicable by the use of ordinary care and diligence."

Under similar circumstances this court has held: "Where the charge of the court restricted the jury in its finding to either the amount sued for by the plaintiff or the amount admitted by the defendant to be due, and where the evidence would have authorized a verdict for some intermediate amount, the charge was erroneous." *Brosnan v. Long,* 75 Ga. App. 837 (4) (44 SE2d 809). On motion for a new trial the defendant contended it was harmless error to give an inaccurate charge on damages. What he overlooked is that here the trial judge charged on mitigation, then instructed the jury to find "all or nothing." If the jury found the plaintiff could have lessened the damages then the plaintiff could not recover the full amount; thus, under the charge he was left with no recovery whatsoever.

The charge as to the alternative verdicts was error.

2. The remaining enumerations of error are without merit.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 14, 1976 — DECIDED SEPTEMBER 14, 1976.

*Parks, Eisenbert & Weinstein, Lee M. Weinstein,* for appellant.

*Martin D. Chitwood,* for appellee.